**Robert William NESBIT, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 05–04–01797–CR.**

Court of Appeals of Texas,
Dallas.

Nov. 1, 2005.

Peter R. Thompson, Dallas, for appellant.

Laura Anne Coats, Assistant District Attorney, Dallas, for state.

Before Chief Justice THOMAS and Justices BRIDGES and FRANCIS.

## OPINION

Opinion by Chief Justice THOMAS.

Robert William Nesbit pleaded guilty to indecency with a child. *See* TEX. PEN.CODE ANN. § 21.11(a)(2)(A) (Vernon 2003). On April 29, 1994, the trial court adjudicated appellant guilty and assessed punishment at ten years' confinement, probated for ten years. Appellant's community supervision was revoked, and appellant was sentenced to ten years' confinement. In this appeal, we must determine whether the trial court had jurisdiction to revoke appellant's community supervision. We conclude the trial court did not have jurisdiction and vacate the trial court's judgment.

Appellant entered a negotiated guilty plea to the offense of indecency with a child. On November 10, 1988, pursuant to the agreement, the trial court deferred adjudicating guilt, placed appellant on ten years' probation, and assessed a $500 fine. The State later moved to adjudicate guilt, alleging appellant violated the conditions of community supervision. On April 29, 1994, the trial court adjudicated appellant guilty and assessed punishment at ten years' confinement, probated for ten years. Between May 5, 1994 and February 13, 2001, the trial court modified the condi-

tions of appellant's community supervision eight times. On April 29, 2004, the State filed a motion to revoke appellant's community supervision, alleging appellant violated the conditions of his community supervision. Appellant filed a motion to quash the motion to revoke, asserting that the trial court did not have jurisdiction because the motion to revoke was untimely. The judge denied appellant's motion to quash by written order. On November 5, 2004, on appellant's plea of true, the trial court revoked appellant's community supervision and sentenced him to ten years' imprisonment.

■ In his sole issue, appellant asserts the trial court did not have jurisdiction to revoke his community supervision because the motion to revoke was filed one day after the ten-year period of supervision ended. The State responds that the motion to revoke was filed on the day appellant's community supervision ended. The State contends that we should treat community supervision like a statute of limitations period during which a motion to revoke may be filed. Relying on general statute of limitations law, the State argues the ten-year term of community supervision that began on April 29, 1994 ended on April 29, 2004. And, because the motion to revoke was filed and the capias issued on April 29, 2004, the trial court had jurisdiction over the revocation proceedings. The State, however, cites no authority to support its argument that a term of community supervision is akin to a statute of limitations, nor have we found any.

We have found cases from the court of criminal appeals that would support both appellant's and the State's contentions as to the date appellant's community supervision ended. *See, e.g., Ex parte Donaldson,* 86 S.W.3d 231, 232 (Tex.Crim.App.2002) (per curiam) (six-year probation beginning on May 10, 1993 ended May 10, 1999); *Ex*

*parte Fulce,* 993 S.W.2d 660, 662 (Tex. Crim.App.1999) (two-year probation beginning February 18, 1994 ended February 17, 1996). Neither case, however, involved the dispositive issue in this appeal—whether the community supervision ended on the day before or the day of the anniversary of the applicants' having been placed on community supervision.

■ When a defendant is sentenced to a term of imprisonment, that period expires on the day before the anniversary date of the sentencing. *See, e.g., Ex parte Hale,* 117 S.W.3d 866, 867 (Tex.Crim.App.2003) (seven-year sentence imposed on October 7, 1991 ended October 6, 1998); *Ex parte Gabriel,* 56 S.W.3d 595, 596 (Tex.Crim. App.2001) (per curiam) (eight-year sentence imposed on July 19, 1989 ended July 18, 1997). Therefore, in this case, had appellant's ten-year sentence been imposed on April 29, 1994, rather than suspended, the sentence would have ended on April 28, 2004. *See Ex parte Hale,* 117 S.W.3d at 867; *Ex parte Gabriel,* 56 S.W.3d at 596.

■ Of course, community supervision is not a sentence; it is an arrangement in lieu of a sentence. *See Speth v. State,* 6 S.W.3d 530, 532 (Tex.Crim.App. 1999). Nevertheless, a defendant on community supervision is subject to court-imposed restrictions on his or her freedom during the period of the supervision. Therefore, we conclude a term of community supervision is more akin to a sentence than a statute of limitations for purposes of calculating the ending date. Moreover, we see no reason to require appellant to spend one more day on community supervision than he would have been required to serve had his sentence been imposed. Accordingly, we hold that appellant's ten-year period of community supervision that began on April 29, 1994 ended on April 28,

**568**

2004. *See Ex parte Fulce,* 993 S.W.2d at 662.

▪ A trial court retains jurisdiction to revoke community supervision after the supervision period has expired if, before the expiration of the supervision period, the State files the motion to revoke and a capias is issued for the defendant's arrest. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, §§ 21, 23 (Vernon Supp.2005); *Peacock v. State,* 77 S.W.3d 285, 287 (Tex.Crim.App. 2002). The trial court does not have jurisdiction to revoke community supervision if the motion to revoke is filed after the supervision period expires. *See Ex parte Fulce,* 993 S.W.2d at 661–62.

The State filed its motion to revoke appellant's community supervision on April 29, 2004, one day after the ten-year supervision period ended. Therefore, the trial court did not have jurisdiction to revoke appellant's community supervision, and the revocation of appellant's community supervision was a nullity. *See Peacock,* 77 S.W.3d at 287. We resolve appellant's issue in his favor.

We vacate the trial court's judgment revoking community supervision and remand the cause to the trial court for further proceedings.