**Ubaldo Hernandez PINO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–05–00255–CR.**

Court of Appeals of Texas, Texarkana.

Submitted March 24, 2006.

Decided April 7, 2006.

Lawrence Mitchell, Dallas, for appellant.

Larissa T. Roeder, Asst. Dist. Atty., William (Bill) Hill, Jr., Dist. Atty., Dallas, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Ubaldo Hernandez Pino pled guilty to aggravated assault and, pursuant to a plea agreement, the trial court deferred adjudication of guilt and placed him on community supervision for five years. The State filed a motion to revoke his supervision and to proceed with adjudication of guilt. Pino pled true to the State's alleged violations of supervision. The trial court revoked supervision, adjudged Pino guilty, assessed his punishment at two years' imprisonment, and sentenced him accordingly.

Pino appeals, contending the trial court lacked jurisdiction to revoke his supervision and to proceed to adjudication because his term of community supervision had expired. We agree and vacate the trial court's judgment.

Pino was placed on deferred adjudication community supervision for five years November 13, 1997. On November 13, 2002, the State filed its motion to revoke his supervision and to proceed with adjudication of guilt. The issue thus presented in this appeal is straightforward: Did Pino's community supervision expire on the fifth anniversary date of the order placing him on such supervision, or did it expire on the day before such anniversary date? We hold that it expired the day before the anniversary date.

It is clear that, under Article 42.12, Section 21(e) of the Code of Criminal Procedure, a trial court retains jurisdiction to revoke community supervision even after

that supervision has expired if the State files its motion for such action *before* the expiration and a capias is issued for the arrest of the defendant. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21(e) (Vernon Supp.2005). This provision is not applicable here because the State filed its motion *after* Pino's community supervision expired.

■ In support of its position that the motion to revoke was timely filed, the State urges us to apply the computation of time provisions set out in Section 311.014 of the Government Code.[1] That statute contains provisions for computing a period of days and a number of months, but no provision for computing a period of years. By the State's application of this statute in this case, it would presumably have us count the five years of Pino's community supervision in days and exclude the day he was placed on supervision in computing the day on which his supervision expired. Or, the State would have us count the five years in months and hold that Pino's community supervision ended on the same numerical day in the concluding month as the day of the month that his supervision began. Either way, Pino would be deprived of at least one day that he served on community supervision, and for this reason, we decline the State's invitation.[2]

The State also cites cases decided by the Texas Court of Criminal Appeals and by three intermediate appellate courts wherein those respective courts generally refer to the anniversary date of the judgment or order placing a defendant on community supervision as the expiration date for a period of community supervision. *See Ex parte Donaldson,* 86 S.W.3d 231, 232 (Tex. Crim.App.2002) (stating six-year probationary period imposed May 10, 1993, expired May 10, 1999); *Prior v. State,* 795 S.W.2d 179, 180, 184 (Tex.Crim.App.1990) (holding trial court had jurisdiction to revoke deferred adjudication probation where five-year period of probation began April 23, 1982, and motion to adjudicate guilt and arrest warrant were filed "prior to the expiration of [Prior's] probationary period on April 23, 1987"); *Guillot v. State,* 543 S.W.2d 650, 651 (Tex.Crim.App. 1976) (indicating three-year probationary period imposed March 27, 1972, expired March 27, 1975); *Davis v. State,* 150 S.W.3d 196, 199, 207 (Tex.App.-Corpus Christi 2004, pet. granted) (two-year deferred adjudication order imposed August 31, 1999 expired August 31, 2001); *Calderon v. State,* 75 S.W.3d 555, 556 (Tex.App.-San Antonio 2002, pet. ref'd) (stating four-year term of community supervision imposed May 27, 1993, "would have ordinarily terminated on May 27, 1997"); *see Do-*

---

1. TEX. GOV'T CODE ANN. § 311.014 (Vernon 2005) states:

    (a) In computing a period of days, the first day is excluded and the last day is included.

    (b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday.

    (c) If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that

many days in the concluding month, in which case the period ends on the last day of that month.

2. The State correctly points out that the predecessor statute to this section of the Texas Government Code was applied in *Scott v. State,* 634 S.W.2d 853, 854–55 (Tex.Crim.App. 1982). The context in that case, however, was the calculation of a 120–day period in which the State was required to show it was ready for trial. The State cited no authority, and we have found none, where this statute was applied in the context of computing the termination date of a period of community supervision.

914

*shier v. State,* No. 11–03–00417–CR, 2004 WL 2331368, at *1, 2004 Tex.App. LEXIS 9194, at *1–2 (Tex.App.-Eastland Oct. 14, 2004, no pet.) (not designated for publication) (five-year deferred adjudication order imposed April 11, 1997, and extended additional year by trial court, expired April 11, 2003). However, none of these cases involved the dispositive issue in this appeal: Does the period of community supervision expire on the anniversary date of the judgment or order placing a defendant on such supervision, or does it expire on the day before such anniversary date?

To the State's credit, it acknowledges that, in *Ex parte Fulce,* the Texas Court of Criminal Appeals indicated that a two-year probationary period imposed February 18, 1994, "was scheduled to expire on February 17, 1996." *See Ex parte Fulce,* 993 S.W.2d 660, 661, 662 (Tex.Crim.App.1999). However, the precise termination date of the probationary period was not an issue in that case either.

Pino urges us to follow the holding of the Fifth District Court of Appeals in *Nesbit v. State,* 175 S.W.3d 565 (Tex.App.-Dallas 2005, pet. filed). There, Nesbit was placed on community supervision for a period of ten years April 29, 1994. On April 29, 2004, the State filed a motion to revoke Nesbit's community supervision and a capias was issued for his arrest that same day. At the hearing on the State's motion, Nesbit's community supervision was revoked and he was sentenced to ten years' imprisonment. Nesbit contended on appeal that the trial court did not have jurisdiction to revoke his community supervision because the State's motion had been filed after his supervision had expired.

The Dallas court agreed, analogizing a period of community supervision to a term of imprisonment which expires on the day before the anniversary date of the sentencing. *Id.* at 567. The court reasoned that, had Nesbit's ten-year sentence been im-

posed April 29, 1994, rather than suspended, the sentence would have ended April 28, 2004. The court could see no reason to require Nesbit to spend one more day on community supervision than he would have been required to serve had his sentence been imposed. *Id.* Accordingly, the court found Nesbit's community supervision expired the day before the State filed its motion to revoke. *Id.* at 568.

The State in the instant case takes issue with the Dallas court's treating community supervision as if it were a sentence, noting that, absent a statutory exception such as the filing of a motion for new trial, the imposition of a sentence divests the trial court of jurisdiction over a defendant. But, the State argues, "[b]y deferring adjudication or suspending imposition of a sentence, the trial court retains jurisdiction over the defendant." The State fails to clearly articulate the significance of this difference in the context of the issue in this case and merely falls back on its previously cited cases containing general statements that a period of community supervision expires on the anniversary date of the judgment or order placing a defendant on community supervision.

The Dallas court agreed in *Nesbit* that, "[C]ommunity supervision is not a sentence; it is an arrangement in lieu of a sentence. Nevertheless, a defendant on community supervision is subject to court-imposed restrictions on his or her freedom during the period of the supervision." *Id.* at 567 (citations omitted). Thus, the court concluded that, for purposes of the issue at hand, community supervision is analogous to a sentence and concluded that there is no reason to require a person to spend one more day on community supervision than he or she would have been required to serve had the sentence been imposed. *Id.*

A person on deferred adjudication community supervision "is subject to court-

imposed restrictions on his or her freedom during the period of the supervision" the same as a person on "regular" community supervision. We, therefore, believe that the analysis of the Dallas court in *Nesbit* is equally applicable in this case.

We sustain Pino's single point of error because the State filed its motion to revoke community supervision and to proceed to adjudication of guilt one day after Pino's term of supervision had expired. Accordingly, we vacate the trial court's judgment and remand the cause to the trial court for further proceedings.