In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00255-CR
______________________________


UBALDO HERNANDEZ PINO, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the Criminal District Court No. 2
Dallas County, Texas
Trial Court No. F97-31605-SI


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Ubaldo Hernandez Pino pled guilty to aggravated assault and, pursuant to a plea
agreement, the trial court deferred adjudication of guilt and placed him on community
supervision for five years. The State filed a motion to revoke his supervision and to
proceed with adjudication of guilt. Pino pled true to the State's alleged violations of
supervision. The trial court revoked supervision, adjudged Pino guilty, assessed his
punishment at two years' imprisonment, and sentenced him accordingly. 
          Pino appeals, contending the trial court lacked jurisdiction to revoke his supervision
and to proceed to adjudication because his term of community supervision had expired. 
We agree and vacate the trial court's judgment.
          Pino was placed on deferred adjudication community supervision for five years
November 13, 1997. On November 13, 2002, the State filed its motion to revoke his
supervision and to proceed with adjudication of guilt. The issue thus presented in this
appeal is straightforward: Did Pino's community supervision expire on the fifth anniversary
date of the order placing him on such supervision, or did it expire on the day before such
anniversary date? We hold that it expired the day before the anniversary date.
          It is clear that, under Article 42.12, Section 21(e) of the Code of Criminal Procedure,
a trial court retains jurisdiction to revoke community supervision even after that supervision
has expired if the State files its motion for such action before the expiration and a capias
is  issued  for  the  arrest  of  the  defendant.  See  Tex.  Code  Crim.  Proc.  Ann.  art.
42.12, § 21(e) (Vernon Supp. 2005). This provision is not applicable here because the
State filed its motion after Pino's community supervision expired.
          In support of its position that the motion to revoke was timely filed, the State urges
us to apply the computation of time provisions set out in Section 311.014 of the
Government Code.


 That statute contains provisions for computing a period of days and
a number of months, but no provision for computing a period of years. By the State's
application of this statute in this case, it would presumably have us count the five years of
Pino's community supervision in days and exclude the day he was placed on supervision
in computing the day on which his supervision expired. Or, the State would have us count
the five years in months and hold that Pino's community supervision ended on the same
numerical day in the concluding month as the day of the month that his supervision began. 
Either way, Pino would be deprived of at least one day that he served on community
supervision, and for this reason, we decline the State's invitation.



           The State also cites cases decided by the Texas Court of Criminal Appeals and by
three intermediate appellate courts wherein those respective courts generally refer to the
anniversary date of the judgment or order placing a defendant on community supervision
as the expiration date for a period of community supervision. See Ex parte Donaldson, 86
S.W.3d 231, 232 (Tex. Crim. App. 2002) (stating six-year probationary period imposed 
May 10, 1993, expired May 10, 1999); Prior v. State, 795 S.W.2d 179, 180, 184 (Tex. Crim.
App. 1990) (holding trial court had jurisdiction to revoke deferred adjudication probation
where five-year period of probation began April 23, 1982, and motion to adjudicate guilt
and arrest warrant were filed "prior to the expiration of [Prior's] probationary period on April
23, 1987"); Guillot v. State, 543 S.W.2d 650, 651 (Tex.  Crim.  App.  1976)  (indicating
three-year  probationary  period  imposed  March 27, 1972, expired March 27, 1975); Davis
v. State, 150 S.W.3d 196, 199, 207 (Tex. App.—Corpus Christi 2004, pet. granted) (two-year deferred adjudication order imposed August 31, 1999 expired August 31, 2001);
Calderon v. State, 75 S.W.3d 555, 556 (Tex. App.—San Antonio 2002, pet. ref'd) (stating
four-year term of community supervision imposed May 27, 1993, "would have ordinarily
terminated on May 27, 1997"); see Doshier v. State, No. 11-03-00417-CR, 2004 Tex. App.
LEXIS 9194, at *1–2 (Tex. App.—Eastland Oct. 14, 2004, no pet.) (not designated for
publication) (five-year deferred adjudication order imposed April 11, 1997, and extended
additional year by trial court, expired April 11, 2003). However, none of these cases
involved the dispositive issue in this appeal: Does the period of community supervision
expire on the anniversary date of the judgment or order placing a defendant on such
supervision, or does it expire on the day before such anniversary date? 
          To the State's credit, it acknowledges that, in Ex parte Fulce, the Texas Court of
Criminal Appeals indicated that a two-year probationary period imposed February 18,
1994, "was scheduled to expire on February 17, 1996." See Ex parte Fulce, 993 S.W.2d
660, 661, 662 (Tex. Crim. App. 1999). However, the precise termination date of the
probationary period was not an issue in that case either. 
          Pino urges us to follow the holding of the Fifth District Court of Appeals in Nesbit v.
State, 175 S.W.3d 565 (Tex. App.—Dallas 2005, pet. filed). There, Nesbit was placed on
community supervision for a period of ten years April 29, 1994. On April 29, 2004, the
State filed a motion to revoke Nesbit's community supervision and a capias was issued for
his arrest that same day. At the hearing on the State's motion, Nesbit's community
supervision was revoked and he was sentenced to ten years' imprisonment. Nesbit
contended on appeal that the trial court did not have jurisdiction to revoke his community
supervision because the State's motion had been filed after his supervision had expired. 
          The Dallas court agreed, analogizing a period of community supervision to a term
of imprisonment which expires on the day before the anniversary date of the sentencing. 
Id.  at  567.  The  court  reasoned  that,  had  Nesbit's  ten-year  sentence  been  imposed
April 29, 1994, rather than suspended, the sentence would have ended April 28, 2004. 
The court could see no reason to require Nesbit to spend one more day on community
supervision than he would have been required to serve had his sentence been imposed. 
Id. Accordingly, the court found Nesbit's community supervision expired the day before the
State filed its motion to revoke. Id. at 568.
          The State in the instant case takes issue with the Dallas court's treating community
supervision as if it were a sentence, noting that, absent a statutory exception such as the
filing of a motion for new trial, the imposition of a sentence divests the trial court of
jurisdiction over a defendant. But, the State argues, "[b]y deferring adjudication or
suspending imposition of a sentence, the trial court retains jurisdiction over the defendant." 
The State fails to clearly articulate the significance of this difference in the context of the
issue in this case and merely falls back on its previously cited cases containing general
statements that a period of community supervision expires on the anniversary date of the
judgment or order placing a defendant on community supervision.
          The Dallas court agreed in Nesbit that, "[C]ommunity supervision is not a sentence;
it is an arrangement in lieu of a sentence. Nevertheless, a defendant on community
supervision is subject to court-imposed restrictions on his or her freedom during the period
of the supervision." Id. at 567 (citations omitted). Thus, the court concluded that, for
purposes of the issue at hand, community supervision is analogous to a sentence and
concluded that there is no reason to require a person to spend one more day on
community supervision than he or she would have been required to serve had the
sentence been imposed. Id.  
          A person on deferred adjudication community supervision "is subject to court-imposed restrictions on his or her freedom during the period of the supervision" the same
as a person on "regular" community supervision. We, therefore, believe that the analysis
of the Dallas court in Nesbit is equally applicable in this case.
          We sustain Pino's single point of error because the State filed its motion to revoke
community supervision and to proceed to adjudication of guilt one day after Pino's term of
supervision had expired. Accordingly, we vacate the trial court's judgment and remand the
cause to the trial court for further proceedings.


                                                                           Donald R. Ross
                                                                           Justice
 
Date Submitted:      March 24, 2006
Date Decided:         April 7, 2006

Publish