COURT
OF APPEALS

SECOND DISTRICT
OF TEXAS

FORT WORTH

 

 

NO. 2-06-390-CR

 

 

 

ERIC SMITH                                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

------------

 

FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

------------

 

MEMORANDUM
OPINION[1]

 

------------

I.  Introduction








The trial court revoked
Appellant Eric Smith=s deferred
adjudication community supervision, adjudicated Smith guilty, and sentenced him
to six years=
confinement.  Appellate counsel has filed
an Anders brief asserting that there are no grounds that could be argued
successfully on appeal.  See Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Because we hold that any appeal from this case would be
frivolous, we grant counsel=s motion to
withdraw and affirm the trial court=s judgment.

II.  Factual and Procedural Background

In 2001, Smith pleaded nolo contendere to the offense of
sexual assault and received deferred adjudication community supervision for
five years and was required to complete sex offender counseling and 240 hours
of community service, all in accordance with his plea bargain agreement.  In August 2006, the State moved
to adjudicate Smith=s guilt and
to revoke his community supervision.  

At the hearing on the State=s motion, Smith pleaded Atrue@ to the
allegation that he had failed to complete sex offender counseling.  The trial court heard testimony from Smith,
from the head of the counseling program, and from Smith=s probation officer.  After
hearing the evidence, the trial court found that Smith had violated the terms
of his community supervision, revoked his community supervision, and sentenced
him to six years in the Texas Department of Criminal Justice.  Smith now appeals.

III.  The Anders Brief








Smith=s court-appointed appellate counsel has filed a motion to withdraw and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, the appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California by
presenting a professional evaluation of the record demonstrating why there are
no arguable grounds for relief.  Id.;
see Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App.CFort Worth 1995, no pet.).  We
provided Smith the opportunity to file a pro se brief, which he has done.  Smith=s brief asserts three points: that the trial court erred by orally
announcing that Smith was guilty of two of the State=s allegations in its motion to proceed to adjudication while reciting
only one ground in the judgment; that court-appointed trial counsel
ineffectively represented him; and that because the five-year term for his
community supervision was completed before the State filed its first amended
petition to proceed to adjudication, the State=s petition was untimely filed. 

Once appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record and to
essentially rebrief the case for the appellant to see if there is any arguable
ground that may be raised on his behalf. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991). 

 








IV.  Independent Review

In a case involving
revocation of deferred adjudication community supervision, case law limits our
independent review to potential errors not involving the decision to adjudicate
and potential errors occurring after adjudication.  See Davis v. State, 195 S.W.3d 708,
710 (Tex. Crim. App. 2006).[2]  One cannot appeal the trial court=s decision to adjudicate a defendant=s guilt.  Hargesheimer v.
State, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006). 








In its petition to proceed to
adjudication, the State offered three grounds for revocation of community
supervision and adjudication of guilt: that Smith had tested positive for
cocaine at one point during his community supervision (paragraph one); that
Smith did not complete his community service (paragraph two); and that Smith
did not complete his sex offender treatment (paragraph three).  While the trial court heard evidence
supporting all of these grounds, Smith specifically pleaded true to the
allegation that he had not completed the court-ordered counseling.[3]  The reporter=s record reflects that the trial court found Smith had violated his
community supervision as alleged by the State in paragraphs two and three.  The trial court=s written judgment, however, reflects that it found Smith had violated
his community supervision only as alleged by the State in paragraph three. 

On appeal, Smith argues that
the trial court=s oral
pronouncement should have matched the judgment and that because under the oral
pronouncement he was found guilty of more offenses than in the written
judgment, that the sentence following the oral pronouncement was too
harsh.  First, proof of just one
allegation in the State=s petition
to adjudicate is sufficient to support revocation.  See Moore v. State, 605 S.W.2d 924,
926 (Tex. Crim. App. [Panel Op.] 1980). 
Therefore, when Smith pleaded true to paragraph three of the State=s petition, he provided the grounds for an adjudication of guilt, and
he cannot appeal the trial court=s decision to proceed to an adjudication.  See id.; Hargesheimer, 182
S.W.3d at 912.








Second, the written judgment
must match the oral pronouncement, not vice versa, as Smith urges.  See Ex Parte Madding, 70 S.W.3d 131,
135 n.8 (Tex. Crim. App. 2002).  We
decline to modify the written judgment here. 
Bigley v. State, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).

We also note that Smith was represented
by counsel in all proceedings.  Moreover,
his motion for new trial did not raise ineffectiveness of counsel at the
punishment phase and the record reflects no errors by trial counsel during the
punishment phase of the hearing that fall below an objective standard of
reasonableness as a matter of law.  See
Andrews v. State, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

The record reflects that
Smith was placed on community supervision for five years starting August 3,
2001.  The State moved to revoke Smith=s deferred adjudication on July 28, 2006, and Smith was arrested on
that same day pending the trial court=s decision on the State=s motion.  Despite the fact that
the State later amended its petition, it nevertheless initially acted within
the period of Smith=s community
supervision, and therefore timely filed its motion.  See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 21(e) (Vernon Supp. 2007) (establishing that the trial court
retains jurisdiction to revoke community supervision if, before the period of
community supervision has expired, the State files a motion to revoke); Pino
v. State, 189 S.W.3d 911, 912-13 (Tex. App.CTexarkana 2006, pet. ref=d).








We also note that Smith was
given the opportunity to offer additional evidence after the trial court
adjudicated him guilty but before it assessed punishment, and that the sentence
assessed by the trial court is within the statutorily permissible range.  See Tex.
Penal Code Ann. '' 12.33(a)
(Vernon 2003), 22.011(f) (Vernon Supp. 2007).
 Therefore, our independent review
of the records establishes that no arguable grounds for relief exist.[4]

V.  Conclusion

After independently reviewing
the record, we have determined that any appeal from this case would be
frivolous.  Accordingly, we grant Smith=s counsel=s motion to
withdraw and affirm trial court=s judgment.

 

PER CURIAM       

 

PANEL F:    WALKER, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 6, 2008











[1]See Tex. R. App. P. 47.4.





[2]Effective
June 15, 2007, the legislature amended article 42.12, section 5(b) of the code
of criminal procedure to omit the provision that no appeal may be taken from a
trial court=s
determination adjudicating guilt and to provide that an appellate court can
review a trial court=s
revocation of deferred adjudication in the same manner as a revocation hearing
in which the trial court had not deferred an adjudication of guilt.  See Act of May 29, 2007, 80th Leg.,
R.S., S.B. 909, ' 5
(codified at Tex. Code Crim. Proc. Ann. art.
42.12, ' 5(b)
(Vernon Supp. 2007)).  Smith=s
guilt was adjudicated in October 2006, however, so this amendment does not
apply to this case.





[3]Indeed,
in his pro se brief to this court, Smith admits that he completed only sixteen
of the required twenty-nine goals in the counseling program.  





[4]The
court of criminal appeals has expressly instructed us that we are not to review
the merits of the issues presented in a pro se brief like Smith=s by
addressing and rejecting them.  Bledsoe
v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  To do so, according to Bledsoe, would
deprive Smith of Athe
meaningful assistance of counsel.@  Id. 
Accordingly, we do not do so.