

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-06-390-CR

---

ERIC SMITH                                                          APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

The trial court revoked Appellant Eric Smith's deferred adjudication community supervision, adjudicated Smith guilty, and sentenced him to six years' confinement. Appellate counsel has filed an *Anders* brief asserting that there are no grounds that could be argued successfully on appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Because we hold that any

---

[1]*See* TEX. R. APP. P. 47.4.

appeal from this case would be frivolous, we grant counsel's motion to withdraw and affirm the trial court's judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2001, Smith pleaded nolo contendere to the offense of sexual assault and received deferred adjudication community supervision for five years and was required to complete sex offender counseling and 240 hours of community service, all in accordance with his plea bargain agreement. In August 2006, the State moved to adjudicate Smith's guilt and to revoke his community supervision.

At the hearing on the State's motion, Smith pleaded "true" to the allegation that he had failed to complete sex offender counseling. The trial court heard testimony from Smith, from the head of the counseling program, and from Smith's probation officer. After hearing the evidence, the trial court found that Smith had violated the terms of his community supervision, revoked his community supervision, and sentenced him to six years in the Texas Department of Criminal Justice. Smith now appeals.

## III. THE *ANDERS* BRIEF

Smith's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. In the brief, counsel avers that, in his

2

professional opinion, the appeal is frivolous.  Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  *Id.*; *see Mays v. State*, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).  We provided Smith the opportunity to file a pro se brief, which he has done.  Smith's brief asserts three points: that the trial court erred by orally announcing that Smith was guilty of two of the State's allegations in its motion to proceed to adjudication while reciting only one ground in the judgment; that court-appointed trial counsel ineffectively represented him; and that because the five-year term for his community supervision was completed before the State filed its first amended petition to proceed to adjudication, the State's petition was untimely filed.

Once appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

3

## IV. INDEPENDENT REVIEW

In a case involving revocation of deferred adjudication community supervision, case law limits our independent review to potential errors not involving the decision to adjudicate and potential errors occurring after adjudication. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006).[2] One cannot appeal the trial court's decision to adjudicate a defendant's guilt. *Hargesheimer v. State*, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006).

In its petition to proceed to adjudication, the State offered three grounds for revocation of community supervision and adjudication of guilt: that Smith had tested positive for cocaine at one point during his community supervision (paragraph one); that Smith did not complete his community service (paragraph two); and that Smith did not complete his sex offender treatment (paragraph three). While the trial court heard evidence supporting all of these grounds, Smith specifically pleaded true to the allegation that he had not completed the

---

[2]Effective June 15, 2007, the legislature amended article 42.12, section 5(b) of the code of criminal procedure to omit the provision that no appeal may be taken from a trial court's determination adjudicating guilt and to provide that an appellate court can review a trial court's revocation of deferred adjudication in the same manner as a revocation hearing in which the trial court had not deferred an adjudication of guilt. *See* Act of May 29, 2007, 80th Leg., R.S., S.B. 909, § 5 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007)). Smith's guilt was adjudicated in October 2006, however, so this amendment does not apply to this case.

4

court-ordered counseling.[3]  The reporter's record reflects that the trial court found Smith had violated his community supervision as alleged by the State in paragraphs two and three.  The trial court's written judgment, however, reflects that it found Smith had violated his community supervision only as alleged by the State in paragraph three.

On appeal, Smith argues that the trial court's oral pronouncement should have matched the judgment and that because under the oral pronouncement he was found guilty of more offenses than in the written judgment, that the sentence following the oral pronouncement was too harsh.  First, proof of just one allegation in the State's petition to adjudicate is sufficient to support revocation.  *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).  Therefore, when Smith pleaded true to paragraph three of the State's petition, he provided the grounds for an adjudication of guilt, and he cannot appeal the trial court's decision to proceed to an adjudication.  *See id.*; *Hargesheimer*, 182 S.W.3d at 912.

Second, the written judgment must match the oral pronouncement, not vice versa, as Smith urges.  *See Ex Parte Madding*, 70 S.W.3d 131, 135 n.8

---

[3]Indeed, in his pro se brief to this court, Smith admits that he completed only sixteen of the required twenty-nine goals in the counseling program.

(Tex. Crim. App. 2002). We decline to modify the written judgment here. *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).

We also note that Smith was represented by counsel in all proceedings. Moreover, his motion for new trial did not raise ineffectiveness of counsel at the punishment phase and the record reflects no errors by trial counsel during the punishment phase of the hearing that fall below an objective standard of reasonableness as a matter of law. *See Andrews v. State,* 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

The record reflects that Smith was placed on community supervision for five years starting August 3, 2001. The State moved to revoke Smith's deferred adjudication on July 28, 2006, and Smith was arrested on that same day pending the trial court's decision on the State's motion. Despite the fact that the State later amended its petition, it nevertheless initially acted within the period of Smith's community supervision, and therefore timely filed its motion. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(e) (Vernon Supp. 2007) (establishing that the trial court retains jurisdiction to revoke community supervision if, before the period of community supervision has expired, the State files a motion to revoke); *Pino v. State*, 189 S.W.3d 911, 912-13 (Tex. App.—Texarkana 2006, pet. ref'd).

We also note that Smith was given the opportunity to offer additional evidence after the trial court adjudicated him guilty but before it assessed punishment, and that the sentence assessed by the trial court is within the statutorily permissible range.  *See* TEX. PENAL CODE ANN. §§ 12.33(a) (Vernon 2003), 22.011(f) (Vernon Supp. 2007).  Therefore, our independent review of the records establishes that no arguable grounds for relief exist.[4]

## V. CONCLUSION

After independently reviewing the record, we have determined that any appeal from this case would be frivolous.  Accordingly, we grant Smith's counsel's motion to withdraw and affirm trial court's judgment.

PER CURIAM

PANEL F:    WALKER, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: March 6, 2008

---

[4]The court of criminal appeals has expressly instructed us that we are not to review the merits of the issues presented in a pro se brief like Smith's by addressing and rejecting them. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  To do so, according to *Bledsoe*, would deprive Smith of "the meaningful assistance of counsel." *Id.*  Accordingly, we do not do so.

7