COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
2-07-301-CR

        2-07-302-CR

 

BILLY
HOWARD, JR.                                                            APPELLANT

 

V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








The trial court revoked Appellant Billy Howard,
Jr.=s
deferred adjudication community supervision in two cases, adjudicated Howard
guilty of the offenses in both cases, and sentenced Howard to seven years=
confinement in each case, to be served concurrently.  Appellate counsel has filed an Anders brief
asserting that there are no grounds that could be argued successfully on
appeal.  See Anders v. California,
386 U.S. 738, 87 S. Ct. 1396 (1967). 
Because we hold that any appeal from this case would be frivolous, we will
grant counsel=s motion to withdraw and affirm the trial
court=s judgment.

II.  Factual and Procedural Background

In December 2006, Howard pleaded true to the offenses of
possession with intent to deliver methamphetamine and possession with intent to
deliver cocaine and received deferred adjudication community supervision for
seven years in each case.  In accordance with
his plea bargain agreement in each case, Howard was required to commit no
offense against the laws of the state and to abstain from excessive consumption
of any alcoholic beverage.  In
April 2007, the State moved to adjudicate Howard=s guilt
and to revoke his community supervision in both cases.  








At the combined hearing on the State=s
motions, Howard pleaded Atrue@ to the
allegations in the petitions that he had committed an offense against the laws of
the state and had failed to abstain from excessive consumption of any alcoholic
beverage by committing the act of driving while intoxicated on or about April
21, 2007.  The trial court heard
testimony from Howard, his son=s
mother, his employer, his sister, his pastor, and his mother.  After hearing the evidence, the trial court
found that Howard had violated the terms of his community supervision, revoked
his community supervision, and sentenced him to seven years=
confinement in each case, to be served concurrently.  Howard now appeals.

III.  The Anders Brief

Howard=s
court-appointed appellate counsel has filed a motion to withdraw and a brief in
support of that motion.  In the brief,
counsel avers that, in his professional opinion, the appeal is frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  Id.; see
Mays v. State, 904 S.W.2d 920, 922B23 (Tex.
App.CFort
Worth 1995, no pet.).  We provided Howard
the opportunity to file a pro se brief, but he has not done so.

Once appellant=s
court-appointed counsel files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, we are
obligated to undertake an independent examination of the record and to
essentially rebrief the case for the appellant to see if there is any arguable
ground that may be raised on his behalf. 
See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.
1991). 

IV.  Independent Review








The trial court had jurisdiction over these
cases.  See Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005), art. 42.12, '10(a)
(Vernon Supp. 2007).  Our review of the
underlying indictments shows them not to be defective, and each indictment sets
forth in legally sufficient language an offense against the laws of the State
of Texas.  See Tex. Health & Safety Code Ann. ''
481.112(d), .113(d) (Vernon 2003).  The
indictments properly conferred jurisdiction on the trial court.  See Tex.
Const. art. V, ' 12; Duron v. State, 956
S.W.2d 547, 550B51 (Tex. Crim. App. 1997).

Howard was represented by counsel at the hearings
concerning his original pleas of guilty to the charges in each indictment and
at the combined hearing involving revocation of his community supervision.  Howard did not call upon the trial court to
decide any pretrial motions prior to the hearing on the State=s
petitions to proceed to adjudication. 
None of the objections raised by counsel at the revocation hearing and
ruled on by the trial court present error that would be reversible on
appeal.  Thus, there is no evidence in
the record indicating that Howard=s
counsel did not provide constitutionally-required effective assistance of
counsel.  See Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).








Our review of the record demonstrates that Howard=s
original pleas of guilty to the charges in each indictment were negotiated plea
bargains.  Although at the revocation
hearing Howard attempted to deny that he had possession of the drugs for which
he had originally pleaded guilty, there is nothing in the record to suggest
that Howard=s original pleas were
involuntary; the record contains plea admonishments, warnings, and judicial
confessions in each case. 








Our review of the evidence presented at the
revocation hearing reveals legally sufficient evidence to support the trial
court=s
findings that Howard violated the terms and conditions of his community
supervision in the manner recited by the trial court.[2]  The petitions to revoke Howard=s
community supervision were timely filed[3]
and provided him with sufficient notice. 
See Tex. Const.
art. V, ' 12;
Duron, 956 S.W.2d at 550B51.  In its petitions to proceed to adjudication,
the State offered three grounds for revoking Howard=s
community supervision and adjudicating his guilt, and Howard pleaded true to
each and every allegation in each petition. 
Additionally, the State admitted the DWI videotape, showing that Howard
was driving all over the road, and the Intoxilyzer report, showing that Howard
blew 0.151 and 0.150.  The sentences
imposed were within the range provided by law for the underlying offenses[4]
and did not exceed the terms of community supervision previously ordered.  Thus, our independent review of the record
establishes that no arguable grounds for relief exist.

V.  Conclusion

After independently reviewing the record in each
case, we have determined that any appeal from these two cases would be
frivolous.  Accordingly, we grant Howard=s
counsel=s motion
to withdraw and affirm the trial court=s
judgments.

SUE
WALKER

JUSTICE

 

PANEL F:  DAUPHINOT, HOLMAN, and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: May 15, 2008











[1]See Tex. R. App. P. 47.4.





[2]Effective June 15, 2007,
the legislature amended article 42.12, section 5(b) of the code of criminal
procedure to omit the provision that no appeal may be taken from a trial court=s determination adjudicating
guilt and to provide that an appellate court can review a trial court=s revocation of deferred
adjudication in the same manner as a revocation hearing in which the trial
court had not deferred an adjudication of guilt.  See Act of May 28, 2007, 80th Leg.,
R.S., ch. 1308, '5, 2007 Tex. Gen. Laws
4395, 4397 (codified at Tex. Code Crim.
Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2007)).  Because the trial court adjudicated Howard=s guilt in August 2007,
we will review the record to determine whether any arguable issues exist
concerning the revocation of Howard=s deferred adjudication community supervision.





[3]The record reflects that
Howard was placed on community supervision in each case for seven years
starting December 1, 2006.  The State
moved to revoke Howard=s deferred adjudication
in April 2007; thus, the State acted within the period of Howard=s community supervision
and therefore timely filed its motion.  See
Tex. Code Crim. Proc. Ann.
art. 42.12, ' 21(e) (Vernon Supp.
2007) (establishing that the trial court retains jurisdiction to revoke
community supervision if, before the period of community supervision has
expired, the State files a motion to revoke); Pino v. State, 189 S.W.3d
911, 912B13 (Tex. App.CTexarkana 2006, pet. ref=d).





[4]See Tex. Health & Safety Code Ann. ' 481.112(d) (possession
with intent to deliver a controlled substance in Penalty Group 1CcocaineCof four grams or more but
less than 200 grams is a first-degree felony), ' 481.113(d) (possession
with intent to deliver a controlled substance in Penalty Group 2CmethamphetamineCof four grams or more but
less than 400 grams is a first-degree felony); see also id. ' 481.102(3)(D) (listing
cocaine in Penalty Group 1) (Vernon Supp. 2007), ' 481.103(a)(1) (listing
methamphetamine in Penalty Group 2) (Vernon Supp. 2007).