# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


## NOS. 2-07-301-CR
## 2-07-302-CR

BILLY HOWARD, JR.                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

# MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

The trial court revoked Appellant Billy Howard, Jr.'s deferred adjudication community supervision in two cases, adjudicated Howard guilty of the offenses in both cases, and sentenced Howard to seven years' confinement in each case, to be served concurrently. Appellate counsel has filed an *Anders* brief asserting that there are no grounds that could be argued successfully on appeal.

---

[1] *See* TEX. R. APP. P. 47.4.

*See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Because we hold that any appeal from this case would be frivolous, we will grant counsel's motion to withdraw and affirm the trial court's judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In December 2006, Howard pleaded true to the offenses of possession with intent to deliver methamphetamine and possession with intent to deliver cocaine and received deferred adjudication community supervision for seven years in each case. In accordance with his plea bargain agreement in each case, Howard was required to commit no offense against the laws of the state and to abstain from excessive consumption of any alcoholic beverage. In April 2007, the State moved to adjudicate Howard's guilt and to revoke his community supervision in both cases.

At the combined hearing on the State's motions, Howard pleaded "true" to the allegations in the petitions that he had committed an offense against the laws of the state and had failed to abstain from excessive consumption of any alcoholic beverage by committing the act of driving while intoxicated on or about April 21, 2007. The trial court heard testimony from Howard, his son's mother, his employer, his sister, his pastor, and his mother. After hearing the evidence, the trial court found that Howard had violated the terms of his community supervision, revoked his community supervision, and sentenced him

to seven years' confinement in each case, to be served concurrently. Howard now appeals.

## III. THE *ANDERS* BRIEF

Howard's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *Id.*; *see Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). We provided Howard the opportunity to file a pro se brief, but he has not done so.

Once appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

## IV. INDEPENDENT REVIEW

The trial court had jurisdiction over these cases. *See* TEX. CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2005), art. 42.12, §10(a) (Vernon Supp. 2007). Our review of the underlying indictments shows them not to be defective, and

each indictment sets forth in legally sufficient language an offense against the laws of the State of Texas. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d), .113(d) (Vernon 2003). The indictments properly conferred jurisdiction on the trial court. *See* TEX. CONST. art. V, § 12; *Duron v. State*, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997).

Howard was represented by counsel at the hearings concerning his original pleas of guilty to the charges in each indictment and at the combined hearing involving revocation of his community supervision. Howard did not call upon the trial court to decide any pretrial motions prior to the hearing on the State's petitions to proceed to adjudication. None of the objections raised by counsel at the revocation hearing and ruled on by the trial court present error that would be reversible on appeal. Thus, there is no evidence in the record indicating that Howard's counsel did not provide constitutionally-required effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

Our review of the record demonstrates that Howard's original pleas of guilty to the charges in each indictment were negotiated plea bargains. Although at the revocation hearing Howard attempted to deny that he had possession of the drugs for which he had originally pleaded guilty, there is nothing in the record to suggest that Howard's original pleas were involuntary;

4

the record contains plea admonishments, warnings, and judicial confessions in each case.

Our review of the evidence presented at the revocation hearing reveals legally sufficient evidence to support the trial court's findings that Howard violated the terms and conditions of his community supervision in the manner recited by the trial court.[2]  The petitions to revoke Howard's community supervision were timely filed[3] and provided him with sufficient notice.  *See* TEX. CONST. art. V, § 12; *Duron*, 956 S.W.2d at 550–51.  In its petitions to proceed to adjudication, the State offered three grounds for revoking Howard's community supervision and adjudicating his guilt, and Howard pleaded true to

---

[2] Effective June 15, 2007, the legislature amended article 42.12, section 5(b) of the code of criminal procedure to omit the provision that no appeal may be taken from a trial court's determination adjudicating guilt and to provide that an appellate court *can* review a trial court's revocation of deferred adjudication in the same manner as a revocation hearing in which the trial court had not deferred an adjudication of guilt.  *See* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, §5, 2007 Tex. Gen. Laws 4395, 4397 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007)).  Because the trial court adjudicated Howard's guilt in August 2007, we will review the record to determine whether any arguable issues exist concerning the revocation of Howard's deferred adjudication community supervision.

[3] The record reflects that Howard was placed on community supervision in each case for seven years starting December 1, 2006.  The State moved to revoke Howard's deferred adjudication in April 2007; thus, the State acted within the period of Howard's community supervision and therefore timely filed its motion.  *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(e) (Vernon Supp. 2007) (establishing that the trial court retains jurisdiction to revoke community supervision if, before the period of community supervision has expired, the State files a motion to revoke); *Pino v. State*, 189 S.W.3d 911, 912–13 (Tex. App.—Texarkana 2006, pet. ref'd).

5

each and every allegation in each petition. Additionally, the State admitted the DWI videotape, showing that Howard was driving all over the road, and the Intoxilyzer report, showing that Howard blew 0.151 and 0.150. The sentences imposed were within the range provided by law for the underlying offenses[4] and did not exceed the terms of community supervision previously ordered. Thus, our independent review of the record establishes that no arguable grounds for relief exist.

## V. CONCLUSION

After independently reviewing the record in each case, we have determined that any appeal from these two cases would be frivolous. Accordingly, we grant Howard's counsel's motion to withdraw and affirm the trial court's judgments.

SUE WALKER
JUSTICE

PANEL F: DAUPHINOT, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: May 15, 2008

---

[4] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (possession with intent to deliver a controlled substance in Penalty Group 1—cocaine—of four grams or more but less than 200 grams is a first-degree felony), § 481.113(d) (possession with intent to deliver a controlled substance in Penalty Group 2—methamphetamine—of four grams or more but less than 400 grams is a first-degree felony); *see also id.* § 481.102(3)(D) (listing cocaine in Penalty Group 1) (Vernon Supp. 2007), § 481.103(a)(1) (listing methamphetamine in Penalty Group 2) (Vernon Supp. 2007).

6