# NO. 12-08-00252-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LISA TYLER OVERSTREET, APPELLANT* | § | *APPEAL FROM THE SECOND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS, APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Lisa Tyler Overstreet contends that the trial court was without jurisdiction to render an order adjudicating her guilty of the offense of forgery and assessing a two year sentence. Appellant brings two issues, the first of which is dispositive. In her first issue, she claims that the trial court was without jurisdiction to adjudicate her guilt after the expiration of her period of community supervision, because no capias for her arrest had been issued before the term of community supervision imposed had expired. We sustain Appellant's first issue, reverse the order adjudicating her guilt, and order her discharged.

### BACKGROUND

Appellant pleaded guilty to forgery, and the trial court deferred adjudication of guilt and placed her on community supervision for a term of three years. Later, Appellant approved the modification of the terms and conditions of her community supervision. Pursuant to the agreement, the trial court ordered Appellant to make additional payments and further ordered her period of community supervision extended to expire on March 14, 2008. After the trial court ordered the extension, Appellant was convicted of marijuana possession and also failed to make various payments ordered by the trial court. Before her term of community supervision expired, the State filed its application to revoke Appellant's community supervision and to proceed to an adjudication

of guilt. However, a capias for her arrest did not issue until March 20, 2008, six days after the expiration of the period of community supervision. The trial court conducted a hearing on the State's application to adjudicate guilt on May 6, 2008. The trial court found the allegations of Appellant's marijuana use true, adjudicated Appellant guilty, and assessed her punishment at confinement for two years.

## JURISDICTION

In her first issue, Appellant contends that the trial court was without jurisdiction to adjudicate her guilt, because her period of community supervision had expired before the issuance of a capias for her arrest.

### Applicable Law

Texas Code of Criminal Procedure article 42.12 governs community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon Supp. 2008); *In re Cherry*, 258 S.W.3d 328, 332 (Tex. App.–Austin 2008, orig. proceeding). Section 5 of the same article contains the provisions specifically related to deferred adjudication. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5 (Vernon Supp. 2008). When the trial court defers adjudication of a defendant's guilt and places the defendant on community supervision, the trial court retains jurisdiction over the probationer for the duration of community service imposed, and may revoke, terminate, or modify the probation. *See id.* art. 42.12 §§ 5(a), 5(b), 20, 22 (Vernon Supp. 2008). At the expiration of the period of community service imposed, the trial court, if it has not proceeded to an adjudication of guilt, must "dismiss the proceedings against the defendant and discharge him." *Id.* art. 42.12 § 5(c) (Vernon Supp. 2008).

The trial court, however, retains jurisdiction to proceed with an adjudication of guilt, despite the expiration of the term of community service imposed, "if before the expiration the attorney representing the state files a motion to proceed with the adjudication *and a capias is issued for the arrest of the defendant.*" *Id.* art. 42.12 § 5(h) (Vernon Supp. 2008) (emphasis added). The identical jurisdictional limitations are found in section 21(e), which provides that the trial court retains jurisdiction to revoke, continue, or modify community service after the probationary period has expired, if, before the term of community service expires, the attorney representing the state "files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant." *Id.* art. 42.12 § 21(e) (Vernon Supp. 2008).

2

Judicial action taken after the court's jurisdiction over a cause has expired is a nullity. *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *In re Hancock*, 212 S.W.3d 922, 929 (Tex. App.–Fort Worth 2007, orig. proceeding). A court has no authority to act outside the periods permitted by statute. *Houlihan v. State*, 579 S.W.2d 213, 219 (Tex. Crim. App. 1979). A review of the authorities reveals a long, unchallenged line of cases wherein the courts have consistently held that the trial court has no jurisdiction to revoke probation after the term of probation expires unless the motion to revoke is filed and the capias issued prior to the end of the probationary period.

In *Pollard v. State*, 172 Tex. Crim. 39, 353 S.W.2d 449 (1962), the State filed a motion to revoke probation six days before the term of probation expired, but the order revoking probation was reversed because no warrant issued before the end of the probationary period. *Id.*, 172 Tex. at 40, 353 S.W.2d at 449-50. In *Coffey v. State*, 500 S.W.2d 515 (Tex. Crim. App. 1973), the court held a conviction void for lack of jurisdiction, because the application to revoke was filed after the probationary period had expired although the capias had been timely filed. *Id*. at 516-17. In *Lynch v. State*, 502 S.W.2d 740 (Tex. Crim. App. 1973), the court of criminal appeals determined that, absent a showing that a capias had issued during the term of probation, the trial court lacked authority to revoke Lynch's probation. *Id.* at 741.

In the more recent case of *In re Hancock*, cited by Appellant, the trial court on September 10, 1999, placed Hancock on community supervision for ten years. On January 28, 2005, the State and the defense agreed to various modifications of the conditions of community supervision and extended his period of community service for one year from the date of the hearing, effectively abbreviating the original term imposed by over four years. Six months after the end of the shortened term provided in its January 28, 2005 order, the trial court attempted to restore by judgment nunc pro tunc Hancock's original ten year probationary term. The State moved to revoke his probation on August 1, 2006. *In re Hancock*, 212 S.W.3d at 924-25. The Fort Worth Court of Appeals decided the trial court's error, if any, in shortening his probationary term was judicial, not clerical, and could not be corrected by judgment nunc pro tunc. *Id.* at 927-28. The court of appeals held that the trial court was without jurisdiction to revoke Hancock's probation, because no motion to revoke had been filed and no capias issued until over six months after the term set out in the amended order had expired. *Id.* at 929.

Absent these two statutory requirements, the trial court also lacks jurisdiction to proceed to

3

an adjudication of guilt once the probationary period expires. *In re Cherry*, 258 S.W.3d at 332. In *Garza v. State*, 695 S.W.2d 726 (Tex. App.–Dallas 1985), *aff'd*, 725 S.W.2d 256 (Tex. Crim. App. 1987), the court of appeals recognized that a trial court has jurisdiction to hear a motion and revoke probation after the expiration of the probationary period if the motion to revoke was filed and the capias for arrest issued prior to the expiration of the period. The court found, however, that the record did not show compliance with either condition. The State's amended motion to proceed with an adjudication of guilt was not file stamped, and no capias appeared in the record. The court reversed Garza's conviction and remanded the cause for entry of an acquittal. *Id.* at 729.

In *Pino v. State*, 189 S.W.3d 911 (Tex. App.–Texarkana 2006, pet. ref'd), the State filed its motion and capias issued on the fifth anniversary of the trial court's order deferring adjudication of Pino's guilt and placing him on community supervision for five years. The court of appeals held that the term of his community supervision expired on the day before the anniversary date of the trial court's order. *Id.* at 912. Therefore, the State was one day late in filing its motion and obtaining the issuance of a capias. Consequently, the court of appeals held the trial court lacked jurisdiction to proceed with an adjudication of guilt. *Id.* at 915.

We conclude that since no capias for Appellant's arrest issued before her term of community service had expired, the trial court lacked jurisdiction to proceed with an adjudication of her guilt. Appellant's first issue is sustained. Because we conclude that Appellant's first issue is dispositive, we will not address Appellant's second issue. *See* TEX. R. APP. P. 47.1.

<u>DISPOSITION</u>

The order adjudicating Appellant's guilt is ***reversed*** and Appellant is ordered discharged.

    **BILL BASS**
Justice

Opinion delivered April 30, 2009.
*Panel consisted of Worthen, C J., Hoyle, J., and Bass, Retired Justice,*
*Twelfth Court of Appeals, Tyler, sitting by assignment.*

(DO NOT PUBLISH)

4