**In re Mark Dean HANCOCK, Relator.**

**No. 2–06–431–CV.**

Court of Appeals of Texas,
Fort Worth.

Feb. 1, 2007.

Rehearing Overruled Feb. 15, 2007.

Benjamin W. Hunsucker, Denton, for Relator.

Cindy Stormer, Dist. Atty., Martin L. Peterson, Asst. Dist. Atty., Gainesville, for Real Party in Interest State.

PANEL A: CAYCE, C.J.; WALKER and McCOY, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

### Introduction

In this original proceeding, relator Mark Dean Hancock seeks a writ of mandamus directing the trial court to vacate its October 30, 2006 Order Denying Relief, which purports to clarify that relator's period of community supervision does not end until September 10, 2009. Relator also seeks a writ of prohibition prohibiting the trial court from pursuing further proceedings related to the community supervision that would restrain relator's liberty. Because we conclude that the trial court lacked jurisdiction to enter the Order Denying Relief, we conditionally grant the writs of mandamus and prohibition.

### Background Facts and Procedural History

In 1999, relator was convicted of delivery of a controlled substance pursuant to a plea-bargain and placed on ten years' community supervision beginning on September 10, 1999. In September 2004, the State filed a motion to revoke, which stated that relator was on community supervision for *five* years. At a hearing on the motion on January 28, 2005, the State and the defense entered into an agreement that relator's community supervision would be continued, modified, and extended. The parties agreed on the record as follows:

THE COURT: That rather than try and proceed to revoke Mr. Hancock's community supervision, you and Mr. Hancock and the State have agreed that it should be modified, extended, and he should be continued on community supervision?

[DEFENSE COUNSEL]: That is correct.

. . . .

THE COURT: All right. Then I'm going to sign this order, Mr. Hancock, that modifies your community supervision; it extends it and it places you back on community supervision.

The order that the trial court entered on January 28, 2005 provided that (1) relator's community supervision was extended for one year, until January 29, 2006, (2) relator was placed on intensive supervision for one year, and (3) relator was assessed a new fine of $1500.

On December 12, 2005, the State filed a motion for order nunc pro tunc, asserting that the date of extension in the January 2005 order should have been September 10, 2010 rather than January 29, 2006. On August 1, 2006, the State filed another motion to revoke relator's community supervision. The trial court held a hearing on the nunc pro tunc motion on August 11, 2006. At the hearing, the State argued,

There's just a misstatement on the judgment regarding the—the date of his community supervision has expired on January 29th, 2006 and, in reality, it ought to be January 29th, 2010.

Relator appeared at the hearing and pointed out that he was originally placed on community supervision in September, not January. He agreed that the January 2005 order should have had an extension date of September 10, 2010; however, relator was not represented by counsel at that hearing and had not waived his right to counsel. Although the trial court stated that it would be signing a judgment nunc pro tunc reflecting the extension of the community supervision period until September 2010, that order was never signed.

On August 31, 2006, relator, now represented by counsel, moved to reopen the nunc pro tunc hearing. Relator also moved to quash the State's motion to revoke community supervision and filed an application for writ of habeas corpus in which he argued that the trial court lacked jurisdiction over him because his community supervision had expired on January 29, 2006—several months before the current motion to revoke was filed and a capias for relator's arrest was issued.[1]

The trial court held another hearing on October 20, 2006. At this hearing, the State acknowledged that the trial court could not extend the community supervision term to 2010 because that would have exceeded the ten-year maximum term that can be assessed.[2]

Relator argued that the evidence showed the trial court had indeed intended to end relator's community supervision on January 29, 2006, albeit based on the mistaken belief that relator had initially received only five years' community supervision. Relator further argued that the trial court could not have intended to extend relator's community supervision to 2010, because that would have resulted in relator being on community supervision for more than ten years. Relator also contended

1. *See* Tex.Code Crim. Proc. Ann. art. 42.12, § 21(e) (Vernon 2006) (providing that a trial court has jurisdiction to revoke, continue, or modify community supervision after the period of community supervision has expired if the State filed a motion to revoke and a capias was issued for the defendant's arrest before the period expired).

2. *See id.* art. 42.12, §§ 3(c), 22(c) (providing ten-year maximum term for community supervision).

that the trial court no longer had jurisdiction over him because his community supervision had expired pursuant to the January 2005 order on January 29, 2006.

The State argued that the trial court could not have intended by the January 2005 order to shorten relator's term of community supervision to less than ten years because the trial court's 1999 judgment placed relator on community supervision for ten years, and the January 2005 order specifically states that it is *extending* the community supervision term. The State, therefore, asked the trial court to "clarify" that relator's community supervision continued for the remainder of the original ten-year period, until September 2009.

After the hearing, the trial court ruled for the State, stating on the record that "an order that says it extends [community supervision] is no way an order letting him off probation early." The trial court then entered its Order Denying Relief, in which it denied relator's habeas application and his motion to quash the State's current motion to revoke community supervision. The court further ruled in the order as follows:

> [T]he Court finds that the following language in the order of January 28, 2005, to wit: "The period of supervision of the defendant shall be extended for one (1) year and shall be in effect until January 29, 2006, . . ." fails to correctly reflect the decision of the court upon the matter then before the Court. Such provision is surplusage and without effect. Thus, the order should be understood to pro-

vide: "and the defendant shall remain under the supervision of the Community Supervision Officer of this County subject to the terms and conditions as heretofore set out in this cause [i.e., until September 2009]."

> . . . .

> The Court further finds that the allegations in Defendant's motions asserting the period of his community supervision expired on January 29, 2006 are incorrect.

## Issues

In three issues, relator contends that (1) the trial court erred by issuing the Order Denying Relief following a hearing on the State's motion for an order nunc pro tunc, because the error sought to be corrected was not a clerical error and could not be corrected by a judgment nunc pro tunc; and (2) the Order Denying Relief is void because the trial court had no jurisdiction over any proceedings related to relator's community supervision after the period of community supervision expired on January 29, 2006.

## Standard of Review

 Ordinarily, mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal.[3] Mandamus is also proper, however, to set aside a trial court order that is void.[4]

 A writ of prohibition operates like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction.[5] The pur-

---

**3.** *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004) (orig.proceeding).

**4.** *In re Dickason,* 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); *see also Urbish v. 127th Judicial Dist. Court,* 708 S.W.2d 429, 431 (Tex.1986) (orig.proceeding) ("The writ of mandamus will not lie to correct a merely

erroneous or voidable order of the trial court, but will lie to correct one which the trial judge had no power to render.").

**5.** *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 682–83 (Tex.1989) (orig. proceeding); *In re Sheppard,* 193 S.W.3d 181, 184 n. 2 (Tex.App.-Houston [1st Dist.] 2006, orig. proceeding).

pose of the writ is to enable a superior court to protect and enforce its jurisdiction and judgments.[6] A writ of prohibition ordinarily issues to protect the subject matter of an appeal or to prohibit unlawful interference with the enforcement of a superior court's judgments or orders.[7] As with other extraordinary writs, the relator must also establish that it has no adequate remedy at law.[8]

## Nunc Pro Tunc

In his first and second issues, relator argues that the trial court erred by issuing the Order Denying Relief following the nunc pro tunc hearing because the error the order corrected was not a clerical error and could not be corrected by a judgment nunc pro tunc.

 The purpose of a judgment nunc pro tunc is to correctly reflect from the court's records the judgment the court actually rendered but for some reason did not enter at the proper time.[9] A judgment nunc pro tunc can be entered[10] at any time, even after the trial court has lost jurisdiction over the case.[11] Nunc pro tunc can only be used to correct clerical errors, however, not judicial ones.[12] Whether an error is judicial or clerical in nature is a question of law.[13] The failure to record or to accurately record a judgment that was rendered in fact is a clerical error.[14] A judicial error is one that is the product of judicial reasoning.[15] A nunc pro tunc entry may be made to correct a judgment to properly reflect the trial court's actual ruling, but it may not be used to modify or add provisions to an order previously entered.[16]

 In this case, the record shows that the trial court intended in the January 2005 order to both modify the terms and conditions of relator's community supervision and extend the period of relator's community supervision by one year. This ruling required judicial reasoning. Therefore, the error in the January 2005 order resulting from the trial court's mistaken belief that relator had been placed on five years' community supervision that began on September 10, 1999, and that relator's community supervision expired on September 10, 2004,[17] is judicial in nature. The fact that the trial court would not have entered the January 2005 order if it had

6. TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004); *Holloway,* 767 S.W.2d at 683; *In re Castle Tex. Prod. Ltd. P'ship,* 157 S.W.3d 524, 527 (Tex.App.-Tyler 2005, orig. proceeding).

7. *Holloway,* 767 S.W.2d at 683; *Sheppard,* 193 S.W.3d at 184 n. 2.

8. *Holloway,* 767 S.W.2d at 684; *Castle Tex. Prod. Ltd. P'ship,* 157 S.W.3d at 527–28.

9. TEX.R.APP. P. 23.1; *Alvarez v. State,* 605 S.W.2d 615, 617 (Tex.Crim.App. [Panel Op.] 1980).

10. A judgment nunc pro tunc may only be entered; judgment may not be "rendered" nunc pro tunc under any circumstances. *Jones v. State,* 795 S.W.2d 199, 201 (Tex. Crim.App.1990). This is because "rendition" is the event of judging and "entry" simply records the judgment rendered. *Id.*

11. *State v. Bates,* 889 S.W.2d 306, 309 (Tex. Crim.App.1994).

12. *Id.*

13. *Alvarez,* 605 S.W.2d at 617.

14. *Jones,* 795 S.W.2d at 201 n. 4.

15. *Alvarez,* 605 S.W.2d at 617.

16. *Ex parte Dickerson,* 702 S.W.2d 657, 658 (Tex.Crim.App.1986); *Smith v. State,* 15 S.W.3d 294, 299 (Tex.App.-Dallas 2000, no pet.).

17. The trial court believed it had jurisdiction to extend the community supervision period after the September 10, 2004 "expiration" date because the motion to revoke was filed before that date. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, §§ 21(e), 22(c).

known the true facts does not change the error from a judicial one to a clerical one.[18] A correction in a judgment nunc pro tunc "can be only as to what was done and not as to what should have been done." [19] For these reasons, we hold that the Order Denying Relief is not a judgment nunc pro tunc.[20]

Accordingly, we sustain relator's first and second issues.

### Trial Court's Jurisdiction After January 29, 2006

■ In his third issue, relator argues that the trial court had no jurisdiction over any proceedings related to relator's community supervision after the modified period of community supervision expired on January 29, 2006, because the State had not filed a motion to revoke relator's community supervision and a capias had not been issued by that date.[21] Therefore, relator contends, the Order Denying Relief, which was not entered until October 2006, is void. In response, the State argues that the trial court had no statutory authority to shorten the term of relator's community supervision; therefore, if the January 2005 order shortened relator's community supervision, that part of the order is void and can be corrected at any time.

■ In a criminal case, a judgment or order is void only in certain circumstances, such as when the trial court lacked subject matter jurisdiction over the defendant or the charged offense; when a sentence is outside the minimum or maximum range of punishment; [22] or when the trial court has jurisdiction over the case but performs an action outside the parameters of any legal or judicial authority and beyond the scope of the law.[23] The trial court's action in entering the January 2005 order does not fall into any of these categories: the trial court had jurisdiction over relator and the charged offense; the shortened community supervision term—approximately 6.5 years—was within the statutory range; [24] and the trial court per-

18. *See Ex parte Rich,* 194 S.W.3d 508, 512 (Tex.Crim.App.2006) (holding that the trial court's assessment of an illegal sentence based on incorrect information provided to it was not a clerical error that could be corrected by nunc pro tunc but was the result of judicial reasoning or determination).

19. *Ex parte Dopps,* 723 S.W.2d 669, 671 (Tex.Crim.App.1986); *accord Smith v. State,* 15 S.W.3d 294, 299 (Tex.App.-Dallas 2000, no pet.).

20. The State also argues that the January 29, 2006 date is "surplusage" because it was not an essential part of the January 2005 order and can therefore be disregarded at any time. The State does not cite any cases holding that a new date given in an order modifying community supervision regarding when the period of community supervision will expire is mere surplusage, and our research has revealed none. Further, the record shows that the January 2005 order was entered by agreement of the parties. Therefore, under the circumstances of this case, we decline to hold that the January 29, 2006 date is surplusage.

21. A trial court has jurisdiction to revoke community supervision after the term of community supervision has expired only if, before the expiration of the community supervision period (1) the State filed a motion to revoke and (2) a capias or arrest warrant was issued. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21(e); *Brecheisen v. State,* 4 S.W.3d 761, 763 (Tex. Crim.App.1999).

22. *Rich,* 194 S.W.3d at 512; *Speth v. State,* 6 S.W.3d 530, 531 (Tex.Crim.App.1999), *cert. denied,* 529 U.S. 1088, 120 S.Ct. 1720, 146 L.Ed.2d 642 (2000).

23. *Ex parte Seidel,* 39 S.W.3d 221, 225 (Tex.Crim.App.2001); *accord Ex parte McCain,* 67 S.W.3d 204, 210 n. 16 (Tex.Crim.App.2002).

24. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, 3(b) (Vernon 2006) (providing that, in a felony case the minimum period of community supervision is the same as the minimum term of imprisonment applicable to the offense—in this case, two years because relator was convicted of a second degree felony—and the

formed no action outside its judicial authority or beyond the scope of the law.[25] At most, the January 2005 order was an "irregular act," i.e., an act that "var[ies] from the normal conduct of an action." [26] An irregular act is merely voidable; it does not render a trial court's order void.[27]

■ The October 2006 order is, however, void. A trial court has no jurisdiction to extend a period of community supervision after the period of supervision has expired, unless a motion to revoke is filed and a capias is issued before the period of community supervision ends.[28] Here, there was no motion to revoke pending on January 29, 2006; the State did not file the current motion until August 1, 2006. Thus, the trial court had no jurisdiction to enter the Order Denying Relief, which provides that relator will remain on community supervision until September 2009. "Judicial action taken after the court's jurisdiction over a cause has expired is a nullity." [29]

■ For these reasons, we hold that the part of the trial court's January 2005 order that shortened the period of relator's community supervision until January 29, 2006 was not void and could not be collaterally attacked after relator's community supervision expired on January 29, 2006 pursuant to the January 2005 order.[30] After January 29, 2006, the trial court could not change the January 2005 order to extend the term of relator's community supervision back to its original term because it had no jurisdiction over the case. Accordingly, the Order Denying Relief, dated October 30, 2006, is void. We sustain relator's third issue.

maximum period of community supervision is ten years). Section 20 of article 42.12 authorizes a trial court to reduce the period of community supervision "[a]t any time, after the defendant has satisfactorily completed one-third of the original community supervision or two years of community supervision, whichever is less." *Id.* art. 42.12, § 20. Here, relator had apparently satisfactorily completed two years of his community supervision before the trial court entered the January 2005 order, because the State did not petition to revoke his community supervision until September 2004, after he had been on community supervision for five years, and the alleged conduct in the petition to revoke occurred more than two years after relator was placed on community supervision.

25. The court of criminal appeals has held that the trial court's order granting community supervision where a defendant is statutorily ineligible for community supervision is not a void or illegal sentence. *Ex parte Williams,* 65 S.W.3d 656, 657–58 (Tex.Crim.App.2001); *accord Wiley v. State,* 112 S.W.3d 173, 175 (Tex.App.-Fort Worth 2003, pet. ref'd). The court of criminal appeals has also held that the trial court's imposition of an invalid condition of community supervision is not a void act. *See Speth,* 6 S.W.3d at 531–32, 534–35

(holding that the imposition of an invalid condition of community supervision is not an illegal sentence, and that a challenge to a community supervision condition must be raised in the trial court to preserve the matter for appellate review).

26. *Seidel,* 39 S.W.3d at 224 (quoting BLACK'S LAW DICTIONARY 669 (7th ed.2000)).

27. *Id.* at 224–25.

28. TEX.CODE CRIM. PROC. ANN. art. 42.12, §§ 21(c), 22(c); *Brecheisen,* 4 S.W.3d at 763.

29. *State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex.1995).

30. Moreover, a voidable order cannot be collaterally attacked after the trial court loses jurisdiction over the case. *See, e.g., Mathes v. Kelton,* 569 S.W.2d 876, 877 (Tex.1978) (holding that the trial court could not change the terms of its judgment once its plenary power had expired); *see also Reiss v. Reiss,* 118 S.W.3d 439, 443 (Tex.2003) (holding that once a voidable judgment becomes final, it may not be collaterally attacked); *Kendziorski v. Saunders,* 191 S.W.3d 395, 409 (Tex.App.-Austin 2006, no pet.) (same).

## Conclusion

Having sustained relator's issues, we lift our stay order of November 29, 2006 and conditionally grant the writs of mandamus and prohibition. Our writs will not issue unless the trial court refuses to vacate its October 30, 2006 Order Denying Relief or pursues further proceedings related to relator's community supervision at issue in this case that would restrain relator's liberty.