# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-07-00629-CV

---

**In re Vanessa Cherry**

---

**ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY**

---

## M E M O R A N D U M   O P I N I O N

Relator Vanessa Cherry filed a petition for writs of mandamus and prohibition, which she subsequently amended, as well as a motion for temporary emergency relief. *See* Tex. R. App. P. 52.1, 52.10. We will deny the amended petition for writs of mandamus and prohibition and dismiss as moot the motion for temporary relief.

This proceeding is related to Cherry's criminal prosecution for her conduct in a child custody dispute with her ex-husband.[1] On or about October 18, 2004, Cherry absconded to New York with the couple's only child. She was arrested in New York on or about December 3, 2004, and subsequently indicted in Williamson County for the offense of interference with child custody. On August 15, 2005, Cherry pleaded guilty to the offense in exchange for the State's recommendation that she receive three years' deferred adjudication, a $1,500 fine, and 15 days in jail. Cherry signed a written plea agreement reflecting this recommendation, and acknowledged it

---

[1] This underlying custody dispute is the subject of an appeal now pending in this Court. *Cherry v. Serio*, No. 03–07-00126-CV (Tex. App.—Austin, notice of appeal filed Feb. 28, 2007).

on the record in open court. Two additional hearings were held regarding sentencing and conditions of community supervision, after which the district court signed an "Order of Deferred Adjudication; Community Supervision" that, in relevant part, recited the following:

DATE OF JUDGMENT: **October 18, 2005**

\*   \*   \*

OFFENSE: **Interference with Child Custody**

STATUTE FOR OFFENSE: **Section 25.03, Penal Code**

APPLICABLE PUNISHMENT RANGE: **State Jail Felony**

DATE OF OFFENSE: **October 18, 2004**

CHARGING INSTRUMENT: **Indictment**

TERMS OF PLEA AGREEMENT . . .: **3 Years Deferred Adjudication; $1,500 Fine; 15 Days Jail**

PLEA TO OFFENSE: **Guilty**

\*   \*   \*

DATE ORDER TO COMMENCE: **October 18, 2004**

PERIOD OF SUPERVISION: **Three (3) years**

FINE: **$1,500**

\*   \*   \*

Of significance to this proceeding are the order's recitations of the date of the offense (October 18, 2004), the date of judgment (October 18, 2005—exactly one year after the date of the offense), and the date the order was to commence (October 18, 2004, the same date as the date of the offense). Thus, the order literally provided that the three-year period of community supervision for which Cherry had plea-bargained would begin not on the date of judgment, but one year earlier, on precisely the same day she committed her offense, before she was apprehended by law enforcement.

In this proceeding, Cherry seeks to challenge a nunc pro tunc order entered by the district court on November 19, 2007. This nunc pro tunc order is identical to the original "Order of Deferred Adjudication; Community Supervision" except that the commencement date is changed to "October 18, 2005." Cherry cites the established principle that nunc pro tunc is available only to correct the court's records to accurately reflect the judgment actually rendered, not to modify or add provisions to the judgment actually rendered. *See In re Hancock*, 212 S.W.3d 922, 927 (Tex. App.—Fort Worth 2007, orig. proceeding); *Smith v. State*, 15 S.W.3d 294, 299 (Tex. App.—Dallas 2000, no pet.); *see also Ex parte Dopps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986) (the "correction can be only as to what was done and not as to what should have been done."). Cherry argues that the sole evidence in the record regarding the date her community service was to begin is the recitation of "October 18, 2004" in the original judgment and that "this is not a case where the record is silent or where the record reveals a contradiction." Thus, Cherry maintains, the original order accurately reflected the judgment actually rendered by the district court.

If the original order did not accurately reflect the judgment the district court had actually rendered, Cherry continues, the discrepancy was the result of a "judicial error," not a mere

3

clerical error. A nunc pro tunc order may be used only to correct a clerical error—the failure to record or accurately reflect the judgment actually rendered—not a judicial error, one that is the product of judicial reasoning or determination. *See In re Hancock*, 212 S.W.3d at 927; *Jiminez v. State*, 953 S.W.2d 293, 295 (Tex. App.—Austin 1997, pet. ref'd). Examples of judicial errors include mistakes of law or judgments based on misunderstandings of underlying facts. *In re Hancock*, 212 S.W.3d at 927-28 (trial court's modification and "extension" of defendant's ten-year community supervision period to six years, based on misunderstanding that original period had been only five years, "required judicial reasoning" and error was judicial in nature); *Smith*, 15 S.W.3d at 300 (granting of motion based on mistake of law was in nature of judicial error). Whether an error is clerical or judicial in nature is a question of law. *See In re Hancock*, 212 S.W.3d at 927.

Based on these premises, Cherry asserts that her three-year period of community supervision expired on October 17, 2007 and that the district court's subsequent nunc pro tunc order is void because "[a] trial court has no jurisdiction to extend a period of community supervision after the period of supervision has expired, unless a motion to revoke is filed and a capias is issued before the period of community supervision ends." *In re Hancock*, 212 S.W.3d at 928 (citing Tex. Code Crim. Proc. Ann. art. 42.12, §§ 21(c), 22(c) (West Supp. 2007)). It is undisputed that neither event occurred here.

A defendant has the right to appeal from a nunc pro tunc judgment, even if he or she waived the right to appeal the underlying conviction, where the change has the effect of increasing the defendant's punishment. *See Ex parte Curry*, 712 S.W.2d 878, 880 (Tex. App.—Austin 1986,

4

pet. ref'd); *Rabsatt v. State*, No. 03-06-00668-CV, 2007 Tex. App. LEXIS 9031, at *2 n.1 (Tex. App.—Austin Nov. 15, 2007, no pet. h.) (mem. op., not designated for publication). The State maintains that Cherry thus has an adequate appellate remedy and that mandamus, therefore, will not lie. Cherry responds that recent decisions of the Texas Supreme Court hold that where a trial court's order is void, as she asserts the nunc pro tunc order here is, "the relator need not show that it did not have an adequate appellate remedy, and mandamus is appropriate." *In re Southwestern Bell Telephone Co.*, 35 S.W.3d 602, 605 (Tex. 2006) (citing *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998)); *see also In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). Even if Cherry lacks an adequate appellate remedy, we conclude that the district court did not abuse its discretion in entering the nunc pro tunc order.

The record before us reflects that Cherry entered into a written plea agreement to plead guilty to interference with child custody in exchange for the State's recommendation of "3 years deferred adjudication; $1,500 fine; 15 days in jail." When accepting her plea, the district court inquired of Cherry whether it was her understanding of the agreement that "the State's agreed to recommend three deferred, a $1,500 fine, and 15 days in jail," to which Cherry responded, "Yes, your honor." Consistent with the plea agreement, the original "Order of Deferred Adjudication; Community Supervision" reflected the "terms of plea agreement" as "3 Years Deferred Adjudication; $1,500 Fine; 15 Days Jail"; that Cherry pleaded guilty; and the "period of supervision" of "Three (3) Years." During sentencing, the district court inquired, and Cherry acknowledged, that "the plea agreement called for you to receive three years' deferred, a $1,500 fine, 15 days in jail." These statements are consistent with an expectation by both the district court and Cherry that her

5

community supervision period would be imposed prospectively. Other than the single recitation of "October 18, 2004" as the "date order to commence" in the original order, there is no evidence that the district court somehow could have intended to impose the agreed three-year community supervision period retroactively, to begin a year before judgment, on the date of Cherry's offense, and before Cherry was even apprehended by authorities. This record presents sufficient evidence that the district court actually rendered judgment that Cherry begin her three-year community supervision period on October 18, 2005, not 2004.[2] We further conclude that the inconsistent recitation in the original order was in the nature of a clerical error, not a judicial error that is the product of judicial reasoning or deliberation. *See Rabsatt*, 2007 Tex. App. LEXIS 9031, at *2 (omission of deadly weapon finding from original judgment was in nature of clerical error; court had made that finding orally on the record). Accordingly, we conclude that the nunc pro tunc order challenged by Cherry is not void and that the district did not abuse its discretion in entering it.

 

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Filed:   January 11, 2008

---

[2] We need not address the admissibility or implications of the evidence the State presented at the hearing regarding the challenged nunc pro tunc order.

6