

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00382-CR

| | | |
|---|---|---|
| Dedric D. Wilson | § | From the 396th District Court |
| | § | of Tarrant County (0761071D) |
| v. | § | January 24, 2013 |
| | § | Per Curiam |
| The State of Texas | § | (nfp) |

## JUDGMENT ON REHEARING

After considering the Appellant's motion for rehearing, we deny the motion. We withdraw our October 25, 2012 opinion and judgment and substitute the following.

This court has again considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



DEDRIC D. WILSON                                                                APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1] ON APPELLANT'S MOTION FOR REHEARING

----------

After considering Appellant's motion for rehearing, we deny the motion, but we withdraw our opinion and judgment of October 25, 2012, and substitute the following.

Appellant Dedric D. Wilson appeals from the trial court's order denying his "Motion to Vacate Guilty Plea Nunc Pro Tunc," in which he contends that his trial counsel was ineffective regarding his 2001 conviction and sentence.   In late

---

[1]*See* Tex. R. App. P. 47.4.

August 2012, we informed Appellant by letter of our concern that we do not have jurisdiction over his appeal and stated that his appeal could be dismissed unless he or any party filed within ten days a response showing grounds for continuing the appeal. Appellant's response does not show valid grounds for continuing the appeal.

An order denying a motion for judgment nunc pro tunc is not appealable.[2] Further, despite the title Appellant gave his motion, the relief he seeks—that the trial court vacate his guilty plea based on trial counsel's alleged ineffective assistance—is not available via a judgment nunc pro tunc:

> The purpose of a judgment nunc pro tunc is to correctly reflect from the court's records the judgment the court actually rendered but for some reason did not enter at the proper time. A judgment nunc pro tunc can be entered at any time, even after the trial court has lost jurisdiction over the case. Nunc pro tunc can only be used to correct clerical errors, however, not judicial ones. Whether an error is judicial or clerical in nature is a question of law. The failure to record or to accurately record a judgment that was rendered in fact is a clerical error. A judicial error is one that is the product of judicial reasoning. A nunc pro tunc entry may be made to correct a judgment to properly reflect the trial court's actual ruling, but it may not be used to modify or add provisions to an order previously entered.[3]

An applicant may obtain the type of relief Appellant seeks via a successful article 11.07 application for writ of habeas corpus.[4] But to the extent that

---

[2]*See Ex parte Ybarra*, 149 S.W.3d 147, 148–49 (Tex. Crim. App. 2004) (providing that appropriate remedy for denial of motion for judgment nunc pro tunc is to file mandamus petition in court of appeals); *Everett v. State*, 82 S.W.3d 735, 735 (Tex. App.—Waco 2002, pet. dism'd).

[3]*In re Hancock*, 212 S.W.3d 922, 927 (Tex. App.—Fort Worth 2007, orig. proceeding) (citations omitted).

[4]*See, e.g.*, *Ex parte Bratchett*, 513 S.W.2d 851 (Tex. Crim. App. 1974).

Appellant asks us to interpret his complaint "under whatever law or procedure that is allowed to correct the clear Constitutional errors that were made," an intermediate appellate court does not have jurisdiction over matters related to article 11.07 applications for writs of habeas corpus.[5] "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals."[6]

Accordingly, we dismiss this appeal for want of jurisdiction.[7]

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 24, 2013

---

[5]See Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3, 5 (West Supp. 2012); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).

[6]*In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

[7]See Tex. R. App. P. 43.2(f).

3