02-11-156-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00156-CR

 

 









 
 
 April
 Hope Whitson
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 90th District Court
  
 of
 Young County (08376)
  
 March
 14, 2013
  
 Opinion
 by Justice Gardner
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS








 

 

 

 

By_________________________________

   
Justice Anne Gardner








 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00156-CR

 

 


 
 
 April Hope Whitson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 90th
District Court OF YOUNG COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Introduction

Appellant
April Hope Whitson pleaded guilty to the second-degree felony of burglary of a
habitation.[2]  The trial court deferred
a finding of guilt and placed her on community supervision.  After extending
Appellant’s community supervision two times, the trial court adjudicated
Appellant guilty and sentenced her to eight years’ confinement.  Appellant
asserts in two issues that the trial court lacked jurisdiction to revoke her
community supervision because the State had filed its third motion to
adjudicate her guilt after her community supervision had expired.  We affirm.

Applicable
Law

When
the trial court defers adjudication of a defendant’s guilt and places the
defendant on community supervision, the trial court retains jurisdiction over
the defendant for the duration of community supervision imposed and may modify
the community supervision.[3]  See Tex. Code
Crim. Proc. Ann. art. 42.12, §§ 5(a), (b), 20, 22 (West Supp. 2012).  “The
judge may extend a period of community supervision on a showing of good cause
under this section as often as the judge determines is necessary, but the
period of community supervision in a first, second, or third degree felony case
may not exceed 10 years . . . .”  Id. art. 42.12, § 22(c); see id.
art. 42.12, § 5(a).

At
the expiration of the period of community supervision imposed, the trial court,
if it has not proceeded to an adjudication of guilt, must “dismiss the
proceedings against the defendant and discharge him.”  Id. art. 42.12, §
5(c).  The trial court, however, retains jurisdiction to proceed with an
adjudication of guilt, despite the expiration of the term of community supervision
imposed, “if before the expiration the attorney representing the state files a
motion to proceed with the adjudication and a capias is issued for the arrest
of the defendant.”  Id. art. 42.12, § 5(h); see id. art. 42.12,
§§ 21(c) (West Supp. 2012), 22(c); see also In re Hancock, 212 S.W.3d
922, 929 (Tex. App.—Fort Worth 2007, orig. proceeding).

Factual
and Procedural Background

On
April 5, 2002, Appellant pleaded guilty pursuant to a plea bargain to the second-degree
felony offense of burglary of a habitation.  The trial court deferred a finding
of guilt and placed Appellant on community supervision for five years.  The
trial court’s order listed April 5, 2002, as both the judgment date and the “date
to commence.”

On
January 21, 2005, the State filed a motion to adjudicate Appellant guilty,
alleging that she had violated several conditions of her supervision.  On March
28, 2006, the trial court ordered that Appellant’s conditions of supervision be
“amended and extended for a period of 1 year, with said community supervision
to henceforth terminate on the 6th day of April 2008.”

In
March 2008, the State filed a second motion to adjudicate Appellant guilty,
alleging that she had violated several conditions of her supervision.  On March
31, 2008, the trial court ordered the Young County District Clerk to issue a capias
for Appellant’s arrest, and the district clerk did so that same day.  On July
18, 2008, the trial court ordered that Appellant’s conditions of supervision be
“amended and extended for a period of 18 months, with said community
supervision to henceforth terminate on the 6th day of October 2009.”[4]

The
State subsequently filed a third motion to adjudicate Appellant’s guilt, which
is file-stamped October 5, 2009.  On October 5, 2009, the trial court ordered
the district clerk to issue a capias for Appellant’s arrest, which the district
clerk did that same day.

On
January 31, 2011, the trial court held a hearing on the State’s motion to
adjudicate Appellant’s guilt.  Appellant pleaded true to the State’s
allegations, and after both sides presented evidence, the trial court
adjudicated Appellant guilty and sentenced her to eight years in prison.

Appellant
timely filed a motion for new trial on February 23, 2011, and an amended motion
for new trial on March 2, 2011.  On March 4, 2011, Appellant filed a Plea to
the Jurisdiction and Motion to Vacate Judgment and Sentence, which provided in
part:

The deferred
adjudication for [Appellant] expired at midnight on October 4, 2009, which is
seven years and six months following her plea of April 5, 2002.

 

Following the
expiration of the deferred adjudication, the court lost jurisdiction to take
any further action with regard to the case, unless at the time the deferred
expired, there had been a motion to proceed to adjudicate in this case.  The
filing that occurred on October 5, 2009 was too late.  See the case of Nesbit
v. State, 227 S.W.3d 64 (Tex. Crim. App. 2007) attached hereto.[[5]]

 

On
March 23, 2011, the trial court conducted a hearing on Appellant’s plea to the
jurisdiction.  A portion of the hearing is as follows:

          THE COURT: 
What about that the order that extended, both of them, specifically gave a date
that it was extended to?  One was April 6th of 2008 and the other one wasn’t
until October 6th of 2009 specifically set forth in the order.

 

          [DEFENSE COUNSEL]: 
Our position on that, Your Honor, is that that is a -- what the Court was doing
was calculating what the year -- or in one instance a year and another instance
of eighteen months.  And that because of the fact that the Court did not extend
the probation, for example, one year and two days, or eighteen months and two
days, in other words the --

 

          THE COURT: 
You’re saying the one year prevails over the specific date.  Right?

 

          [DEFENSE
COUNSEL]:  Yes.  That’s exactly what I’m saying.

 

          THE COURT: 
Okay.

 

          [DEFENSE
COUNSEL]:  That in a dispute [where there] appears to be -- you know, if they
can’t be both the same, that it’s the year’s extension and that that was
recognized by the state that it was a matter of two years and six months
extension.  It was not a matter of two years, six months, and two days. 
Because since the Nesbit case came down in ’07, that’s clearly been the
law as to when a probation would end.

 

          THE COURT: 
All right.  Thank you.  [The State.]

 

          [STATE]: 
Your Honor, I don’t know of any authority that [defense counsel] is citing
saying that the eighteen months takes precedence over the specific date in the
Court’s order, and that’s not addressed in Nesbit.

 

          . . . [U]nder Nesbit, the state would
have had to have filed its motion prior to midnight on October the 5th of ’09,
and that’s exactly what the state did, Your Honor, and we’re saying the Court
did not lose jurisdiction.

The
trial court took the issue under advisement and several days later issued a
letter stating, “After careful consideration of the above referenced cause of
action, please be advised that the Plea to the Jurisdiction is hereby denied.”

The
Parties’ Positions

Appellant
asserts in two issues that the trial court lacked jurisdiction to revoke her
community supervision because the State filed its adjudication motion after her
period of community supervision had ended.  In her first issue, Appellant
asserts that the State filed its motion “one day after the seven and one half
year period of probation ended,” and in her second issue, she asserts that the
State filed its motion “over six months after the seven year period of
probation ended.”  Appellant explains these alternative arguments by noting that
the trial court’s second extension order contains contradictory language; that
is, the first paragraph of the trial court’s order stated that it was extending
Appellant’s community supervision “for a period of 18 months, . . . to
henceforth terminate on the 6th day of October 2009,” while the order’s final paragraph
stated that it was extending Appellant’s community supervision “for a period of
1 year, . . . to henceforth terminate on the 6th day of October 2009.”

We
overrule Appellant’s second issue because she acknowledges on appeal: “The
addition of the incorrect termination language of October 6, 2009 indicates
that the additional time was intended to be a period of eighteen months rather
than a one year period . . . .”[6]  Additionally, at the
plea to the jurisdiction hearing, Appellant stated,

The first paragraph
refers to an eighteen-month extension, and then the actual order itself only
extends the period for one year, and then picks up on this 6th day of October. 
And, again, that extension, whether it was for one year or for eighteen months
-- and we’re not contending that it was -- it was understood by everybody to be
an eighteen-month extension, but at the eighteenth month, which is not eighteen
months and two days of an extension.

 

As
to the remaining issue, Appellant contends that she was

assessed a total sentence of seven years and six month[s]
of community supervision, deferred adjudication, beginning April 5, 2002.  The
ending date is calculated under the case of Nesbit v. State, infra,
to be October 4, 2009.  The [m]otion to adjudicate was filed on October 5,
2009.

       

While
Appellant acknowledges that the trial court extended her five-year community supervision
two times­ and entered definite termination dates—that is, the trial court
extended Appellant’s community supervision once for one year to end on April 6,
2008, and once for eighteen months to end on October 6, 2009—she characterizes the
April 6, 2008 termination language as “a clerical error based on an incorrect
calculation of the one year ending date,” and she characterizes the October 6,
2009 termination language as “a miscalculation of the end of the probation term
as recited by previous cases and not a reflection of an assessment of a ‘plus
two days’ additional period of probation.”

The
State asserts that the trial court possessed jurisdiction to hear the State’s
adjudication motion because the motion was filed before the period of supervision
expired.  The State argues that

[t]he second order amend[ing] the conditions of the
Appellant’s community supervision and extending the period of community
supervision clearly stated that the period of community supervision would
terminate on October 6, 2009, and the State filed its motion to proceed to
adjudicate on October 5, 2009.  This specific expiration date, which the trial
court had authority to order, was unrelated to the issue of the “anniversary
date” of the period of community supervision, and the holding of the Texas
Court of Criminal Appeals in Nesbit v. State, 227 S.W.3d 64 (Tex.
Crim. App. 2007), did not apply.

The
State asserts that Nesbit addressed the situation where a set time
period of community supervision was stated in an order granting community
supervision and that, here, the trial court’s orders stated specific expiration
dates for the extended periods of community supervision.  The State contends
that the specific expiration dates of April 6, 2008, and October 6, 2009, in
the trial court’s two orders controlled over the more general statements that
the period of community supervision expired after an additional one year and an
additional eighteen months.[7]  The State asserts that
these specific expiration dates do “not require calculation and [are]
irrelevant to the issue of the ‘anniversary date’ of the period of community
supervision, and the holding in Nesbit does not apply.”  The State
further contends that “the only limit on the length of community supervision in
this case was the 10-year limit provided in Article 42.12, Section 5(a), and
Article 42.12, Section 22(c) of the Texas Code of Criminal Procedure” and that
“[c]onsequently, the trial court had authority to extend the period of
community supervision for 1 year, 1 year and 2 days, 18 months, and 18 months
and 2 days, as long as the total period of community supervision did not exceed
10 years.”

Analysis

In Nesbit,
Nesbit was placed on “regular” community supervision or probation for ten
years, beginning on April 29, 1994.  227 S.W.3d at 65–66.  The State filed a
motion to revoke probation on April 29, 2004.  Id.  Nesbit filed a
motion to quash the revocation motion, claiming that the trial court did not
have jurisdiction because the motion was filed one day too late.  Id. at
66.  The trial court, “admitting that the legal issue was not settled,” denied
that motion, revoked Nesbit’s probation, and sentenced him to ten years in
prison.  Id.  Nesbit appealed, and the court of appeals agreed with his
argument and reversed the trial court.  Id. at 67.  The State filed a
petition for discretionary review, asking “[h]ow should the date of the
expiration of a period of community supervision be calculated?”  Id.  In
affirming the court of appeals, the court held,

The operative rule is that the
duration of a time period during which a person suffers specified restrictions
upon his freedom by virtue of either a sentence of imprisonment or community
supervision includes the first day in which such restrictions upon freedom
operate and excludes the anniversary date.  The same day cannot be double
counted.  This rule is logical, fair, and in accord with prior precedent construing
the Code Construction Act.

Id. at 69
(footnotes omitted).  The court of criminal appeals noted that it “necessarily
reject[ed] the State’s argument that [Nesbit] [was] required to serve ten years
and a day when he was placed on community supervision for exactly ten years, no
more, no less.”  Id. at 69.

We agree
generally with the State’s position and conclude that the holding in Nesbit does
not apply to the scenario presented in this case; that is, Nesbit addressed
a community supervision order that did not specifically state a termination
date, and it held that the period of supervision is calculated by including the
first day in which “restrictions upon freedom operate” and by excluding the
anniversary date.  We do not read Nesbit to apply generally to cases, such
as this one, in which the trial court’s order sets out a termination date for
the community supervision period that leaves no need for calculation.  Indeed,
in acknowledging that it had “not always been clear on the duration of a time
period for purposes of a term of community supervision or probation,” the Nesbit
court discussed only cases in which a period of supervision was stated but
a specific expiration date was not given.[8]  227 S.W.3d at 68–69.  In
other words, we agree with the State that in situations such as this one where “a
specific expiration date is stated, this date controls.  This specific expiration
date does not require calculation and is irrelevant to the issue of the
‘anniversary date’ of the period of community supervision, and the holding in Nesbit
does not apply.”

To
the extent it could be argued that the inclusion of both a period of community
supervision and a termination date for the community supervision period created
a conflict in the order, we note our sister court’s analysis in a similar
case.  See State v. Crecy, No. 05-11-01003-CR, 2012 WL 2106534, at *1–3
(Tex. App.—Dallas June 12, 2012, pet. ref’d) (mem. op., not designated for
publication).  Crecy was placed on community supervision on March 4, 2005, for
five years.  Id. at *1.  In June 2009, the trial court amended and
extended Crecy’s term of community supervision “for a period of one year,
beginning March 4, 2005 for five years probation and then extended to end March
4, 2011.”  Id.  The State filed a motion to revoke Crecy’s community
supervision on March 3, 2011, but the clerk did not issue a capias for his
arrest until the next day.  The trial court revoked Crecy’s community
supervision and sentenced him to time in a state jail facility.  Id.  In
a motion for new trial, Crecy relied on Nesbit, argued that the
anniversary date of his community supervision was March 3, 2011, and contended that
the trial court therefore lacked jurisdiction to revoke his community
supervision because he was no longer on community supervision on March 4, 2011,
when the capias issued.  Id.  The trial court observed that the
provisions in the order conflicted, concluding that it was unrealistic to think
the court, which was the same judge in each of the orders, would extend the
community supervision one year and one day yet specify in the order that the
period was extended for one year.  Id. at *2.  Thus, the trial court
granted Crecy’s motion for new trial.  Id.

The
State appealed, and the court of appeals held,

We agree with the
trial court that there is a conflict in the provisions of the June 4, 2009
order that extended Crecy’s community supervision.  It is not clear under a
plain reading of the order whether the trial court intended to extend Crecy’s
community supervision for one year—through March 3, 2011, as Crecy contends—or
for one year and one day, through March 4, 2011, as the State contends.  And a
determinative factor in construing a court order is the intention of the
court.  See Harper v. Welchem, Inc., 799 S.W.2d 492, 495 (Tex.
App.—Houston [14th Dist.] 1990, no writ).

 

The State is asking
that we overrule a trial court’s interpretation of its own order—that is, to
overrule a court’s determination of its own intentions. . . .  The trial court
stated in its June 4, 2009 order that Crecy’s community supervision was
extended “for a period of one year.”  From this, the trial court reasonably
could determine that it extended Crecy’s community supervision for only one
year and, under Nesbit, that period ended on March 3, 2011.

 

          . . . .

 

Giving great deference to the trial
court’s interpretation of its own order, we conclude the court did not abuse
its discretion in granting Crecy a new trial.  We affirm the trial court’s
order.

Id. at *2–3.

We
note that even if we were to follow the rationale in Crecy, we would
nonetheless affirm the trial court’s judgment.  That is, to the extent it could
be argued in the instant case that there is a conflict in the trial court’s
July 2008 order, the issue would be whether the trial court intended to extend
Appellant’s community supervision until October 6, 2009, as the State contends,
or for a period of eighteen months—through October 4, 2009 under Nesbit—as
Appellant contends.[9]  After considering the
parties’ arguments on this issue as quoted above, the trial judge (who was the
same judge who also entered each of the extension orders) denied Appellant’s plea
to the jurisdiction, thereby impliedly finding that it had intended by its
prior order that Appellant’s community supervision period would expire on
October 6, 2009.  See id. at *2 (deferring to trial court’s
interpretation of its own order).  Under this analysis, we would defer to the
trial court’s interpretation of its own prior orders and hold that the State
timely filed its adjudication motion on October 5, 2009, and that the district
clerk timely filed a capias for Appellant’s arrest that same date.

Under
both our primary analysis and our alternative analysis under Crecy, we
hold that the trial court had jurisdiction to revoke Appellant’s community
supervision.  We overrule Appellant’s two issues.

Conclusion

Having
overruled Appellant’s two issues, we affirm the trial court’s judgment.

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  March 14, 2013









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. §
30.02(a)(3), (c)(2) (West 2011).





[3]The code of criminal procedure states that “community supervision”
includes deferred adjudication.  See Tex. Code Crim. Proc. Ann. art.
42.12, § 2(2)(A) (West Supp.
2012).





[4]The order also stated in a
subsequent paragraph that Appellant’s community supervision
was “extended for a period of 1 year, . . . to
henceforth terminate on the 6th day of October 2009”; however, as
discussed in the opinion below, Appellant acknowledges that “[t]he addition of the incorrect termination
language of October 6, 2009 indicates that the additional time was intended to
be a period of eighteen months rather than a one year period,” although
she qualifies that “the termination language is a
miscalculation of the end of the probation term as recited by previous cases
and not a reflection of an assessment of a ‘plus two days’ additional period of
probation.”





[5]In Nesbit, the court of criminal appeals granted the State’s
petition for discretionary review that asked, “How
should the date of the expiration of a period of community supervision be
calculated?”  See id.
at 67.  The court of criminal appeals held that a
period of supervision includes the first day in which “restrictions upon
freedom operate” and excludes the anniversary date.  Id. at 69.  For
instance, the trial court placed Nesbit on community supervision for ten
years, beginning on April 29, 1994.  Id. at 66.  The court of criminal appeals held that the State filed its April
29, 2004 revocation motion one day too late.  See id. at 69.





[6]Appellant
qualifies, however, that “the termination language is a
miscalculation of the end of the probation term as recited by previous cases
and not a reflection of an assessment of a ‘plus two days’ additional period of
probation.”





[7]Citing section 311.026 of the government code, the State advises
that this “is analogous to the rule of law that a specific statutory provision
controls over a general one.”  See Tex. Gov’t Code Ann. § 311.026 (West 2005).





[8]Additionally,
although the Nesbit court did not specifically address the issue, Nesbit
was sentenced to the maximum term of community supervision of ten years,
meaning the Nesbit court was addressing a circumstance in which Nesbit’s
term of community supervision was being interpreted by the State to be a period
of ten years and one day, a period beyond the statutorily-allowed maximum.  See
Tex. Code Crim. Proc. Ann. art. 41.12, §§ 5(a), 22(c); Nesbit, 227
S.W.3d at 70 (Keller, P.J., concurring).  Appellant’s term of community
supervision in this case, even after being twice extended, does not implicate
the statutory ten-year limit.





[9]We
express no opinion as to whether October 4, 2009, or an earlier date would have
been the termination date under Nesbit, as this issue is not determinative
to our decision.