# NO. 12-22-00205-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES EDWARD BROWN,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 369TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Charles Edward Brown appeals his conviction for aggravated sexual assault of a child and sexual assault of a child. We dismiss the appeal as moot.

### BACKGROUND

Appellant was indicted for one count of aggravated sexual assault of a child and one count of sexual assault of a child. Appellant pleaded "not guilty" to the charges, the matter proceeded to a jury trial, and the jury found Appellant "guilty" on both counts. Appellant elected to have the trial court assess his punishment. After a hearing, the trial court sentenced Appellant to life imprisonment on both counts. The first page of the trial court's judgment of conviction, issued June 22, 2022, incorrectly reflects that the jury, rather than the court, assessed Appellant's sentence. This appeal, in which Appellant seeks to modify the judgment to correctly reflect that the trial court assessed his punishment, followed.

The State subsequently filed a motion in the trial court for a judgment *nunc pro tunc* correcting the error. The trial court granted the motion, and on March 6, 2023, issued a judgment *nunc pro tunc* reflecting that Appellant was sentenced by the court. The Anderson County District Clerk supplemented the appellate record to include the judgment.

## CLERICAL ERROR IN JUDGMENT

After the trial court's plenary jurisdiction expires, it does not retain general jurisdiction over a case. *See Williams v. State*, 603 S.W.3d 439, 443 (Tex. Crim. App. 2020). However, the trial court retains limited jurisdiction to issue a judgment *nunc pro tunc* correcting a clerical error in its judgment, when the original judgment does not reflect the judgment that the court actually rendered. *See Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012); *In re Hancock*, 212 S.W.3d 922, 927 (Tex. App.—Fort Worth 2007, no pet.) (orig. proceeding). A trial court cannot issue a nunc pro tunc judgment to correct judicial error or to change the record to reflect what the court believes should have been done, but only to correct errors that were not the result of judicial reasoning. *Blanton*, 369 S.W.3d at 898; *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007).

In the case at hand, although the original judgment indicates that the *jury* assessed Appellant's sentence, the record clearly shows that the *trial court* assessed Appellant's punishment. This error is merely clerical in nature and does not change the substance of the judgment or require judicial reasoning to correct. The State concedes that the trial court's original judgment contains the clerical error about which Appellant complains but argues that Appellant's appeal is now moot because the trial court subsequently entered a judgment *nunc pro tunc* correcting this error. *See Blanton*, 369 S.W.3d at 897–98. The supplemental clerk's record shows that the trial court signed a judgment *nunc pro tunc* which correctly states that the court assessed Appellant's punishment, thereby effecting the relief that Appellant seeks through this appeal.

An appeal becomes moot when an appellate court's judgment can no longer impact an existing controversy or affect the parties' rights. *Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004); *Hung Dasian Truong v. State*, 580 S.W.3d 203, 207 (Tex. App.—Houston [1st Dist.] 2019, no pet.). In most instances, an appellate court cannot act on a moot case. *Pharris v. State*, 165 S.W.3d 681, 687–88 (Tex. Crim. App. 2005); *Hung Dasian Truong*, 580 S.W.3d at 207. Instead, the mootness doctrine limits courts to deciding cases with actual controversies between parties. *Hung Dasian Truong*, 580 S.W.3d at 207; *Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). "When there has ceased to be a controversy between the litigating parties which is due to events occurring after judgment has

been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the court may not decide the appeal." *Flores*, 130 S.W.3d at 105.

Because the trial court's judgment *nunc pro tunc* corrected the error about which Appellant complains, we ***dismiss*** his appeal as moot. *See* TEX. R. APP. P. 43.2(f); ***Hung Dasian Truong***, 580 S.W.3d at 211.

**BRIAN HOYLE**
Justice

Opinion delivered April 20, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 20, 2023**

**NO. 12-22-00205-CR**

**CHARLES EDWARD BROWN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 369CR-20-34835)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed as moot.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed as moot**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*