

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-22-00238-CR

Juan Roberto **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 1990CR1294
Honorable Christine Del Prado, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: February 14, 2024

AFFIRMED

On July 23, 1990, Appellant Juan Roberto Rodriguez pleaded guilty to arson as a habitual offender and was sentenced to 25 years' imprisonment. In that time, Rodriguez has filed many pleas for time credit and applications for writ of habeas corpus, all of which have been denied or dismissed. On April 4, 2022, the trial court entered a judgment nunc pro tunc, entering an additional two months of jail time credit from 1990. This appeal followed. We affirm the trial court's judgment.

## BACKGROUND

On July 23, 1990, Rodriguez pleaded guilty to felony arson as a habitual offender and was sentenced to 25 years in prison.

During his period of incarceration, Rodriguez was intermittently released on parole. The time spent while out on parole, also referred to as "street time" may or may not be credited against an inmate's sentence. In Rodriguez's case, he was ineligible for street time credit because of his criminal history.

In his efforts to obtain street time credit, Rodriguez wrote many pleas and inquiries, including several applications for writs of habeas corpus that were dismissed by the Texas Court of Criminal Appeals.

In 2019, Rodriguez was again released on parole. While out on parole, he committed the offense of aggravated assault against a public servant. He pleaded guilty to the charge and was sentenced to 20 years' confinement.

Back in custody, Rodriguez continued to file applications for writs of habeas corpus. The Court of Criminal Appeals issued an abuse of writ order, stating that the court would "not consider the merits of his [future] applications [for writs of habeas corpus] unless he shows that the factual or legal basis of his grounds was unavailable in a previously filed application." Nevertheless, Rodriguez continued to file applications, as well as letters and pleadings in the trial court.

On April 4, 2022, the trial court issued a judgment nunc pro tunc correcting an old presentencing jail time credit from 1990.

On April 13, 2022, Rodriguez filed a notice of appeal, stating that the trial court's correction failed to consider time he spent in custody in 1989. His brief, however, expanded the scope of his appeal to include the issue of his street time credit and the calculation of his 20-year

sentence for aggravated assault against a public servant. We now address Rodriguez's appeal of the trial court's April 4, 2022 judgment nunc pro tunc.

JUDGMENT NUNC PRO TUNC

### A.      Parties' Arguments

Rodriguez claims that he is entitled to more time credit than the trial court's judgment nunc pro tunc accounted for because 1) his 20-year sentence for aggravated assault on a public servant was set to run concurrently with his 25-year sentence for arson, meaning that they should be calculated to start and end on the same dates, beginning with the earliest start date; and 2) he has served a net total of 24 years in prison and should already be paroled in both cases. He believes he has effectively served the full term of both sentences. The State disputes Rodriguez's argument that he should receive any credit against his sentence for assault based on time he spent in prison prior to his commission of that offense.

### B.      Standard of Review/ Law

We review a judgment nunc pro tunc for its conformity to its purpose, i.e., whether it remedies a *clerical* error "when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record." *Blanton v. State*, 369 S.W.3d 894, 898 (Tex. Crim. App. 2012) (citing *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007); *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980)).

Whether an error is clerical or judicial depends on whether its remedy required judicial reasoning. *Id*. (citing *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988)). A judgment nunc pro tunc is judicial if it, for example, "modifies, changes, or alters the original judgment pronounced in court, or has the effect of making a new order." *Id*. (citing *Ex parte Dickerson*, 702 S.W.2d 657, 658 (Tex. Crim. App. 1986)).

The corrections of a proper judgment nunc pro tunc "must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment." *Id*. (citing *Jones v. State*, 795 S.W.2d 199, 200 (Tex. Crim. App. 1990)); *accord In re Hancock*, 212 S.W.3d 922, 928 (Tex. App.—Fort Worth 2007, no pet.).

## C.     Analysis

Rodriguez's argument reaches beyond the allowable scope of a judgment nunc pro tunc appeal.  *See id.*  Rather than arguing that the trial court's judgment was clerically incorrect, Rodriguez has argued instead *for* the application of judicial reasoning to his sentences in both this case and his separate assault case.  *Contra id*.  The proper vehicle for Rodriguez's argument would be an application for a writ of habeas corpus, *see* TEX. CODE CRIM. PROC. ANN. art. 11.07, though the Court of Criminal Appeals has cautioned Rodriguez against submitting any previously resolved habeas issues.  Because we have been presented with no argument or evidence that the trial court's judgment was clerically incorrect, we overrule Rodriguez's sole issue.  *See Blanton*, 369 S.W.3d at 898.

## CONCLUSION

Rodriguez failed to show that the trial court erred in its entry of a judgment nunc pro tunc that documented two additional months of presentencing jail credit from 1990. The trial court's judgment is affirmed.

Patricia O. Alvarez, Justice

Publish